Earl James LUNON, Jr. *v.* STATE of Arkansas

CR 78-44                                    569 S.W. 2d 663

Opinion delivered September 5, 1978
(Division I)
[Rehearing denied September 25, 1978.]

*John W. Achor*, Public Defender, by: *William R. Simpson*, Deputy Public Defender, for appellant.

*Bill Clinton*, Atty. Gen., by: *Joyce Williams Warren*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of the crimes of aggravated robbery and theft of property and assessed his punishment in the Department of Correction at five years for aggravated robbery and one year for theft of property. Appellant first contends that the evidence was insufficient. We cannot agree.

A local bank was robbed at gun point by two males.[1] One witness, a bank employee, watched the robbers leave the bank, walk across the street and through a shopping area into the woods behind it. Although she observed appellant from the back only, she positively identified him as one of the robbers in a lineup and at trial. The branch manager of the bank was unable to identify appellant positively but gave a general description of him. Four hundred and twenty-nine photographs of the robbery, taken by the bank's automatic camera, were in evidence for the jury's consideration in determining appellant's identity. Twenty-seven of these pictures were enlarged, some of which depicted unmasked facial features of both robbers. It was for the jury to decide the credibility of the witnesses and the question of identification. *Tarkington v. State*, 250 Ark. 972, 469 S.W. 2d 93 (1971); and *Lacy v. State*, 240 Ark. 84, 398 S.W. 2d 508 (1966).

In determining the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the

---

[1]Appellant's codefendant, Donald Edward Wade, also appealed his conviction. On May 30, 1978, we granted his motion to dismiss his appeal.

appellee and affirm if there is any substantial evidence to support the jury's verdict. *Murphy* v. *State,* 248 Ark. 794, 454 S.W. 2d 302 (1970). Here the recited evidence was amply substantial.

Appellant also argues that the court erred in failing to grant his pretrial motion for severance. Rules of Crim. Proc., Rule 22.1 (b) states:

> If a defendant's pretrial motion for severance is overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Severance is waived by failure to renew the motion.

Appellant did not renew his motion before or at the close of all the evidence. Accordingly, severance was waived.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.