Robert Earl LARK *v.* STATE of Arkansas

CR 82-79                                     637 S.W.2d 529

Supreme Court of Arkansas
Opinion delivered July 6, 1982

*John H. Bradley,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. On February 27, 1981, appellant was arrested upon the filing of two petitions for the revocation of his suspended sentences. On March 11, 1981, while still incarcerated, the appellant filed a petition for a mental examination at the local mental health center. On March 31, 1981, the court determined and ordered that appellant be transferred from the county jail to this facility, which found him incapable to stand trial and recommended that he be committed to the state hospital in Little Rock at the earliest possible time. On April 14, 1981, the trial court ordered that the appellant be committed to the state hospital for treatment until he was fit to proceed with the revocation hearing. On June 2, 1981, a letter from the state hospital was filed with the court advising that the appellant was competent to stand trial. On June 11, 1981, he was returned to the jurisdiction of the trial court where he remained incarcerated until his revocation hearing on July 20, 1981. At the hearing the appellant filed a motion to dismiss the revocation petitions, because they were not heard within 60 days as required by Ark. Stat. Ann. § 41-1209 (2) (Repl. 1977). The court postponed the hearing until August 25, 1981, because the appellant had not been properly served with the petitions. However, upon the state refiling the petitions and complying with the requirements of personal service, a hearing was conducted on July 22, 1981. Thereupon, the court revoked appellant's suspended sentences. Hence this appeal.

The appellant asserts that the trial court erred in dismissing his motion to dismiss the revocation petitions because, excluding the period of delay caused by his mental examinations, they were not heard within 60 days. Section 41-1209 (2) provides in pertinent part:

A suspension or probation shall not be revoked except after a revocation hearing. Such hearing shall be conducted . . . within a reasonable period of time, not to exceed sixty days, after the defendant's arrest . . . .

In *Haskins* v. *State,* 264 Ark. 454, 572 S.W.2d 411 (1978), we said that the 60 day limitation, although not jurisdictional, "represents the period beyond which the hearing cannot be delayed if the defendant objects." Here, the defendant objected to the hearing. We have held that the 60 day limitation begins to run from the date of a defendant's arrest for the alleged violation of the terms of his suspended sentence. *Walker* v. *State,* 262 Ark. 215, 555 S.W.2d 228 (1977); *Blake* v. *State,* 262 Ark. 301, 556 S.W.2d 427 (1977); *Lincoln* v. *State,* 262 Ark. 511, 558 S.W.2d 146 (1977); and *Boone* v. *State,* 270 Ark. 83, 603 S.W.2d 410 (1980).

Neither party disputes that the period the appellant underwent mental examinations and evaluation is excluded. However, the question arises whether the 60 day period should be tolled when the defendant petitioned for a mental examination on March 11, 1981, or was not tolled until March 31, 1981, when a determination was made by the court on the petitions' merits and the examination was ordered. Also, the question is posed whether the excludable period should end when the appellant was pronounced fit to stand trial and the state was so notified on June 2, 1981, or when he was returned to the jurisdiction of the court on June 11, 1981.

We find no authority nor is any cited to us which is controlling when, as here, there is an excludable period of time to the 60 day limitation resulting from a mental examination. It appears that the underlying purposes of the 60 day limitation and the speedy trial rules, A. R. Cr. P. Rule 28, are somewhat similar. We have said that the underlying purpose of the 60 day limitation "is to assure the defendant is not detained in jail for an unreasonable time awaiting his revocation hearing . . . . " *Boone* v. *State, supra.* Here, the appellant was incarcerated from the time of arrest until his revocation hearing. We think it fair to look to the provisions contained in Rule 28 for guidance in computing excludable periods. Rule 28.3 (a) provides that the period of delay resulting from an examination and hearing on the competency of a defendant to stand trial, as well as the period of time he is incompetent to stand trial, is excluded. Here, as indicated, that period of time is unquestioned. Additionally,

Rule 28.3 (c) provides that a period of delay is excludable when a continuance is granted at a defendant's request and the period of delay shall be or run from the day the continuance is granted. It is unquestioned that the 60 day period began to run upon appellant's arrest February 27, 1981. Applying by analogy the recited speedy trial Rule 28 and the rationale in *Boone* v. *State, supra,* to the facts here, we hold that the excluded period began to run on March 31, 1981, when the court found that the appellant should undergo psychiatric evaluation and granted his petition. The period from February 27, the date of arrest, to March 31, is computed as being 32 days. See A. R. Cr. P. Rule 1.4. We need not determine if the excludable period ended June 2 or June 11 since by either computation there was ample time within the 60 days to conduct a revocation hearing. From June 2 to July 20 is 47 days or a total of 79 days (32 + 47) and from June 11 to July 20 is 38 days or a total of 70 days (32 + 38). Thus the appellant, who was incarcerated from the date of his arrest, did not receive a hearing within the required 60 days.

Since we find merit in this contention, we need not address appellant's other points relied upon for reversal.

Reversed and dismissed.