Jimmy L. SUMMERS *v.* STATE of Arkansas

CR 86-200                              729 S.W.2d 147

Supreme Court of Arkansas
Opinion delivered May 18, 1987

*Jim Petty*, Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The trial court revoked the appellant's probationary sentence. After the parties concluded their presentation of evidence at the revocation hearing, Summers orally moved to dismiss the petition for revocation because the hearing was not held within 60 days of his arrest. The trial court took that motion and another oral motion under advisement and the next day ruled the hearing was timely held. He should have ruled the motion was made too late.

Summers pleaded guilty to writing hot checks in August, 1985, and was placed on probation for five years. A petition to revoke his sentence was filed March 7, 1986, alleging several violations of his probation conditions: Summers had failed to keep monthly appointments with his probation officer, failed to pay his monthly probation fee and failed to make payments on his fine and restitution. A warrant was issued for Summers' arrest on March 7, 1986, and served on April 29, 1986.

Counsel was appointed and a pretrial hearing was held in May, 1986, and a hearing on the petition was held June 4, 1986. The state only called one witness, the probation officer. He testified about the conditions of probation and Summers' breach of those conditions. Summers testified that he was arrested in Arizona on March 24 or 25 for "probation violations." He said he was in jail in Arizona for five weeks before he was returned to Arkansas.

After the parties had concluded the presentation of evidence, the appellant moved orally to dismiss the petition because the hearing was not held within the 60 day time period as required by Ark. Stat. Ann. § 41-1209(2) (Repl. 1977), which provides:

> A suspension or probation shall not be revoked except after a revocation hearing. Such hearing shall be conducted by the court that suspended imposition of sentence on defendant or placed him on probation within a reasonable period of time, not to exceed 60 days, after the defendant's arrest.

The attorneys briefly argued the matter to the trial judge. Summers argued his arrest in Arizona began the running of the 60 day period. The state argued the arrest in Arkansas began the running of the time for the hearing because the record only reflected that arrest. The trial judge took the matter under advisement and the next day he ruled that Summers was arrested on April 29, 1987, and the hearing was held within the statutory time period.

On appeal Summers argues the 60 day limitation requires the petition be dismissed. The state argues the motion was untimely. We agree with the state because the state was never placed on notice before the hearing that this objection would be raised. There was no good reason given why the motion was not filed before the hearing. In both *Lark* v. *State*, 276 Ark. 441, 637 S.W.2d 529 (1982), and *Cheshire* v. *State*, 16 Ark. App. 34, 696 S.W.2d 322 (1985), a motion to dismiss a revocation petition was filed before the hearing. The state was on notice the 60 day statutory period would be invoked.

In this case the state had no such notice. The state was prejudiced by this lack of notice because it did not have the opportunity to present any evidence regarding whether there was a delay in returning Summers to Arkansas and whether he was unavailable during that time period. The state had a right to assume that would not be an issue. This court has referred to the speedy trial rules to determine if a defendant received a speedy revocation hearing. *Lark* v. *State, supra; Boone* v. *State,* 270 Ark. 83, 603 S.W.2d 410 (1980); *Cheshire* v. *State, supra.* Those same rules govern when that question can be raised. A.R.Cr.P. Rule 28.1(f) provides the defendant's failure to move for the dismissal of a charge for lack of speedy trial prior to trial constitutes a waiver of his rights under these rules. See *Walker* v. *State,* 288 Ark. 52, 701 S.W.2d 372 (1986). Since Summers did not raise his motion to dismiss the revocation petition for lack of a speedy hearing before the hearing, he waived his rights. We do

not reverse a judgment because a trial judge uses the wrong reason to reach the right result. *Marchant* v. *State*, 286 Ark. 24, 688 S.W.2d 744 (1985).

Affirmed.

PURTLE and NEWBERN, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I vigorously disagree with the majority opinion. The statute, Ark. Stat. Ann. § 41-1209(2) (Repl. 1977), is set out in the majority opinion and so clearly states the law that I will set it out again at this point:

> A suspension or probation shall not be revoked except after a revocation hearing. Such hearing *shall be conducted by the court* that suspended imposition of sentence on defendant or placed him on probation *within a reasonable period of time, not to exceed 60 days*, after the defendant's arrest. [Emphasis added.]

The law clearly and unequivocally requires the court to conduct a revocation hearing not more than 60 days after the defendant's arrest on the alleged violation.

In the case now being considered by this Court the trial court accepted appellant's guilty plea in 1985. The court sentenced the appellant to five (5) years and placed him on probation. The petition to revoke probation was filed on March 7, 1986. A warrant was issued and the appellant was arrested in Arizona on March 26, 1986. He did not fight extradition nor did he delay the hearing in any manner. The appellant remained in the jail in Arizona from the day of his arrest on the violation warrant until he was returned to Arkansas, a period of about five weeks. By the date of the revocation hearing, June 4, 1986, the appellant had spent an additional five weeks in the county jail in White County, Arkansas. The way I figure it that's over seventy days in anybody's book. No person would argue that the hearing was held within 60 days of the appellant's arrest pursuant to the warrant.

This Court obviously sought some reason not to apply the plain words and obvious meaning of the statute. The majority opinion holds that the appellant waived his rights under the statute because he did not raise his motion to dismiss the revocation petition for lack of a speedy hearing before the

hearing. The majority accomplishes this result by analogy to the speedy trial rules. Other than the statement of the court on June 5, 1986, that the appellant appeared before the court on May 6 and that counsel was appointed, I find no evidence in the record that the appellant was afforded any opportunity to request any type of action until June 4, 1986. Moreover, I am unaware of any precedent for the proposition that a defendant waives his rights under the revocation statute unless he moves for dismissal of the petition *prior to the hearing*. The whole purpose of the law is to safeguard the rights of individuals. In the present case the same result could have been accomplished without damage to the law by simply filing another petition on the continuing violation of the appellant's probation, which required payments of restitution, and then acting timely upon it.

The warrant itself may not have been served until April 29th, but that is not the trigger under the statute which starts the calendar rolling. It is clearly the arrest of the appellant which triggers the running of the 60-day limitation. The majority opinion cites the cases of *Walker* v. *State*, 288 Ark. 52, 701 S.W.2d 372 (1986); *Lark* v. *State*, 276 Ark. 441, 637 S.W.2d 529 (1982); and *Boone* v. *State*, 270 Ark. 83, 603 S.W.2d 410 (1980). None of them hit the point.

*Walker* dealt with the speedy trial issue and is somewhat analogous to the present case. In neither case were there any excludable periods. Walker's attorney failed to move for dismissal although the speedy trial period had run prior to trial. A.R.Cr.P. Rule 28.1 provides that failure to invoke the speedy trial rule constitutes a waiver. The *Walker* case came to us by way of a Rule 37 request for relief based upon ineffective assistance of counsel. We reversed and dismissed and in doing so stated: "The appellant clearly was not holding up the trial during that time." Neither was the appellant in the present case. He merely invoked the 60-day period at the first hearing, which was held more than 70 days after his arrest.

I agree with the majority opinion that the *Lark* decision involved the very same statute as we are considering in this case. Lark had been committed to the state hospital, upon his own motion, subsequent to his arrest on a petition for revocation. Lark was arrested on February 27, 1981. He petitioned for a mental

examination, which petition was granted on March 31 and resulted in a commitment to the state hospital. On June 11, 1981 he was returned to the county jail from the state hospital. The revocation hearing was conducted on July 20, 1981, at which time Lark moved to dismiss because of failure to bring him to a hearing within 60 days. The court continued the hearing until August 25, 1981, on the grounds that the defendant had not been properly served with the petition for revocation. However, the state then refiled the same petition and at a hearing on July 22, 1981, the court revoked the suspended sentence. On appeal we reversed and dismissed because the revocation hearing was not conducted within the 60-day limit, excluding the period of delay caused by the appellant.

In *Boone* the trial court revoked a suspended sentence. However, the appellant was never arrested because he was serving a sentence on an unrelated charge when the petition to revoke was filed. Boone argued the 60 day period should run from the date of the filing of the petition to revoke. He argued that he was "constructively arrested" on the date the petition was filed. Neither the trial court nor this Court agreed with Boone's theory to establish a "constructive arrest" date. However, we modified the sentence in order to give credit for jail time served. In my opinion *Boone* is inapposite.

I believe we should continue to give this 60-day limitation provision a rational and reasonable interpretation in accordance with our past decisions. To depart from the plain and clear language used in our past decisions upholding the statute results only in confusion and uncertainty in the law relating to revocation of probation.

NEWBERN, J., joins in this dissent.