John BROWN, Jr. *v.* STATE of Arkansas
Reginald Early & Tina Jimerson *v.* STATE of Arkansas

CR 93-189                                                   869 S.W.2d 9

Supreme Court of Arkansas
Opinion delivered January 10, 1994
[Rehearing denied February 14, 1994.]

*Robert N. Jeffrey*, for appellant John Brown.

*William M. Howard*, for appellants Reginald Early and Tina Jimerson.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Myrtle Holmes was found murdered on September 22, 1988. The evidence at the scene showed that she had been beaten and stabbed while inside her home and that her body was then placed in the trunk of her car. A year and one-half later, on March 16, 1991, the State charged Charlie Vaughn, and appellants John Brown, Jr. and Reginald Early, with capital murder in three separate informations. A little over a week later, on March 25, 1991, Charlie Vaughn pleaded guilty to murder in the first degree and was sentenced to life in prison. Vaughn's guilty plea implicated appellants Brown and Early and also implicated appellant Tina Jimerson. On March 27, 1991, appellant Tina Jimerson was charged as an accomplice in a separate information. On July 12, 1991, the State moved to consolidate the cases since all three would require proof of the same facts. On July 19, 1991, separate defendant Tina Jimerson objected to consolidation, and, at the same time, moved for a severance. In an order dated July 17, and entered on July 23, 1991, the trial court ordered the cases consolidated for trial purposes. A jury trial ended in a mistrial. The informations were amended to charge appellants with first degree murder and aggravated robbery. A jury returned verdicts of guilty for all three appellants on both charges and sentenced each to life in prison on both of the charges. Appellants Early and Jimerson, together, have filed an appeal, and appellant Brown has filed a separate appeal. We have consolidated the appeals and address all assign-

ments of error in this one opinion. There is no reversible error, and we affirm the three judgments of conviction on both charges.

We first address appellant Brown's points of appeal. He initially argues that the trial court erred in denying his motion for a directed verdict on the ground that accomplice Vaughn's testimony was not corroborated. Even though independent evidence indicated that appellant Brown was near the victim's home in Fordyce about the time of the murder and also showed that, immediately after the murder, he had blood on his clothes, and even though another witness testified that she overheard appellant Brown tell what he had done to the victim, we do not reach the argument because appellant did not raise lack of corroboration as a ground for a directed verdict, and he cannot raise it for the first time on appeal. *Pilcher* v. *State*, 303 Ark. 335, 796 S.W.2d 845 (1990). The record shows that at the close of the State's case he moved for a directed verdict without specifying a ground, and, at the close of all the evidence, he moved for a directed verdict on the grounds that "there was no physical evidence . . . tying [appellant Brown] to this alleged crime and there was no witness placing him at the scene." Appellant Brown did not make an argument about accomplice corroboration, did not ask the trial court to declare Vaughn an accomplice, and did not ask the trial court to charge the jury about the necessity of accomplice corroboration. *See* AMI Crim. 401 and 402.

Appellant Brown's second argument is that the trial court erred in not granting his motion to dismiss because of prosecutorial delay in filing charges. The argument is without merit both procedurally and substantively. Procedurally, the trial court ordered that all pre-trial motions be filed by June 26, 1992, in order that hearings, if necessary, could be held before the scheduled trial date. Even though this motion to dismiss was clearly a matter that would require proof, it was not filed until the second day of trial, and the trial court correctly ruled that it was not timely filed. See *Summers* v. *State*, 292 Ark. 237, 729 S.W.2d 147 (1987). Substantively, the limited proof on the matter showed that the investigation of the crime was ongoing until the information was filed in March 1990, and prejudice to appellant was not established. *See Bennett* v. *State*, 302 Ark. 179, 789 S.W.2d 436, *cert. denied*, 498 U.S. 851 (1990). In sum, appellant Brown's assignments of error are without merit.

Appellant Tina Jimerson's first point is that the trial court erred in refusing to sever her trial from that of the other appellants. The record shows that on July 19, 1991, she objected to the consolidation and, at the same time, moved for a severance. The trial court ordered the cases consolidated. The trial court signed the order of consolidation on July 17, and it was entered on July 23, 1991, but appellant Jimerson never again raised the issue.

Appellant Jimerson cannot now challenge the denial of her pretrial motion for severance. Rule 22.1 (b) of the Arkansas Rules of Criminal Procedure provides that "[i]f a defendant's pretrial motion for severance was overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Severance is waived by failure to renew the motion." Appellant Jimerson failed to renew the motion at the trial in August 1992 and, under the rule, waived any right to a severance. *Lunon* v. *State*, 264 Ark. 188, 569 S.W.2d 663 (1978).

Next, appellants Jimerson and Early together argue that the trial court erred in allowing the testimony of a witness named Michael Early. The facts surrounding the argument are as follows. The prosecuting attorney listed Michael Early as a witness for the State and five days before trial gave appellants a copy of a statement made by Early. At the trial the prosecutor asked Early about matters that were not contained in the statement. Appellants argue that they were misled by the prosecutor's actions and, as a result, were not prepared for the witness's testimony. Therefore, appellants assert the trial court erred in refusing to exclude any testimony about any subject not included in the statement. The argument is wholly without merit.

Rule 17.1 (a) of the Arkansas Rules of Criminal Procedure, in the part material to these cases, requires the prosecutor to disclose the names and addresses of the State's witnesses. The prosecutor supplied this information. The next requirement is set out by Ark. Code Ann. § 16-89-115 (1987), which provides that after a witness called by the State has testified on direct examination, the court shall, on motion of the defendant, order the State to produce any relevant statement of the witness in its possession. Here, appellants are asking that

the prosecutor be required to supply the written statements before the trial. They cite no authority for the argument, and there is none.

Appellants Jimerson and Early next contend that the evidence introduced at trial is insufficient to sustain their convictions. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, whether direct or circumstantial. *Moore* v. *State*, 297 Ark. 296, 761 S.W.2d 894 (1988). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Thomas* v. *State*, 312 Ark. 158, 847 S.W.2d 695 (1993). However, in determining the sufficiency of the evidence, this court need only look at that evidence most favorable to appellee and consider only that testimony which supports the verdict. *Owens* v. *State*, 313 Ark. 520, 856 S.W.2d 288 (1993).

Here, there is substantial evidence of both crimes. Charlie Vaughn pleaded guilty to the murder, and at the time of his plea, testified that the three appellants "wanted to do a robbery." He said appellant Jimerson drove the foursome to the victim's home where appellant Brown entered through a window and let appellants Early and Vaughn inside. Jimerson remained in the car. Vaughn further testified that they looked for and found money which they took. He stated that appellant Brown beat the victim, an elderly woman, with pots and pans and then raped her. He said he and appellant Brown then raped her, and appellant Brown slit her throat. Vaughn testified that he and Brown then took the body and placed it in the trunk of the victim's car. In addition, Darrell Jenkins testified that appellant Early told him that he had killed the victim by hitting her with pots and pans and stabbing her. Michael Early's testimony placed appellant Early near the scene close to the time the crime was committed. The testimony of three other witnesses, Taura Bryant, Lee Parsons, and Kenny Parsons, placed the three appellants together on the night of the crime, with appellant Jimerson driving the group. Without question, the foregoing constitutes substantial evidence of the crimes for which appellants were convicted.

In their final point, appellants Jimerson and Early

contend that the trial court erred in allowing Donald Smith to testify about hairs found in the victim's hand. At trial, appellants objected to the witness's testimony because of his lack of experience. The trial court ruled: "I think it's a proper objection and I don't know, but I think you will have to lay a foundation and show what his experience has been in the area or where his statistics come from." The prosecutor continued questioning the witness without further objection. In short, the appellant's objection was sustained. The prosecutor then laid a foundation apparently found acceptable by appellants because they did not further object. Since appellants received the relief that they requested, they have no basis upon which to raise the issue on appeal. *Odum* v. *State*, 311 Ark. 576, 845 S.W.2d 524 (1993). In addition, when a question is repeated, and there is no objection, the matter is waived. *Walker* v. *State*, 301 Ark. 218, 783 S.W.2d 44 (1990).

Pursuant to Rule 4-3(h) of the Rules of the Supreme Court and Court of Appeals, an examination has been made of all other rulings adverse to appellants, and there is no reversible error contained in those rulings.

Affirmed.