Joseph Michael WYNN *v.* STATE of Arkansas

CR 93-1263                                      871 S.W.2d 593

Supreme Court of Arkansas
Opinion delivered March 21, 1994

*Mary M. Rawlins*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Joseph Michael Wynn appeals from

his convictions of felony battery and aggravated assault. He states as his first point for reversal the failure of the Trial Court to grant his motion for severance of the offenses. Due to his failure to renew the motion at the close of the evidence the point is not reviewable on appeal. Mr. Wynn also argues the Trial Court erred by denying his motion to suppress videotaped expert testimony. We are unable to review this point in light of Mr. Wynn's failure to abstract the testimony. The conviction is affirmed.

On December 12, 1992, Mr. Wynn and his wife transported their infant son, Jonathan Wynn, to a hospital for treatment of a broken leg. Mr. Wynn was arrested and charged with one count of felony battery and one count of felony assault. After first saying he had fallen on the child while carrying him Mr. Wynn changed his story. In his written statement, Mr. Wynn said he broke Jonathan's leg when it caught in the crib rails as he jerked the child out of the crib. In a later statement, however, he admitted he struck Jonathan on the leg and caused the fracture. He also admitted he had struck the infant on the face, head, and ribs on previous occasions, had tossed him in his (Wynn's) bed from a distance of five or six feet, had pushed on his chest until he cried several times, and had struck Jonathan on the head with the edge of his bottle.

After medical evaluation confirmed that the infant had been battered on prior occasions, the information was amended to add two more counts of felony battery. The examining doctors found evidence of prior broken ribs, a broken bone in the child's hand, and an excess amount of fluid on the child's brain which indicated a concussion.

Prior to trial, Mr. Wynn moved that the charges be severed for trial on the ground that they were allegations of distinct and discrete offenses and had been joined solely because of their similarity to each other. The Trial Court denied the motion, pointing out that the same witnesses would testify, the offenses allegedly occurred in the same home, by the same defendant, to the same victim, and amounted to a continuing course of conduct and thus should be tried together.

Mr. Wynn also objected to videotaped expert testimony in which witnesses used the terms, "child abuse," "battered child

syndrome," or "abuse of a child" on the ground that the probative value was substantially outweighed by its prejudicial effect. Ark. R. Evid. 403. The Trial Court overruled the objection.

During the trial, Mr. Wynn specifically renewed his objection to the videotaped expert testimony prior to its being shown to the jury. The record contains the following reporter's insertion:

> (AT THE CLOSE OF THE CASE, MRS. RAWLINS [Mr. Wynn's counsel] RENEWS HER MOTION FOR ACQUITTAL AND RENEWS ALL OBJECTIONS AND MADE THROUGHOUT THE COURSE OF THE CASE . . . .)

The word "AND" indicates either an inadvertent insertion or perhaps an ellipsis; we cannot tell which.

### 1. Failure to renew motion for severance

According to Ark. R. Crim. P. 22.1(b), "[i]f a defendant's pretrial motion for severance was overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Severance is waived by failure to renew the motion." Failure to renew a motion for severance in accordance with the Rule constitutes a waiver of the objection. *See Brown* v. *State*, 315 Ark. 466, 869 S.W.2d 9 (1994).

Even if a general renewal of all "objections" could be said to constitute renewal of all motions, it does not make clear to the court the grounds for severance. At the outset of a criminal trial, the Trial Court has before it only allegations. It is possible in some instances to determine at that juncture that a severance is required. At the close of all the evidence, however, the Trial Court knows the extent to which the evidence demonstrates the reason for joinder of the charges for trial. The Trial Court is then in a far better position to know if the charges should have been severed for trial because they were joined "solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan." Ark. R. Crim. P. 22.2(a). It is for that reason that the Rule requires renewal of the motion at the close of all the evidence. Absent renewal of the motion for severance, the objection to joining the charges for trial is waived. Ark. R. Crim. P. 22.1(b); *Lunon* v. *State*, 264 Ark. 188, 569 S.W.2d 663 (1978). As the appellant, it is Mr. Wynn's duty to see

to it that the record supports his point of appeal. *Cox* v. *State*, 299 Ark. 312, 772 S.W.2d 336 (1989). We find in the record no renewal of the motion to sever.

## 2. *Failure to abstract testimony*

■ The appellant in a felony criminal appeal has "the duty. . .to abstract such parts of the record. . .as are material to the points to be argued in the appellant's brief." Ark. Sup. Ct. R. 4-3(g). Mr. Wynn has not abstracted any expert testimony containing the terms "child abuse," "child abuse syndrome," or "abuse of a child," although he refers to such testimony in the argument portion of his brief.

■■ The record on appeal is confined to the abstract and can not be contradicted or supplemented by statements made in the argument portions of the briefs. *See Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 189 (1987). Further, scattered transcript references throughout an argument are not a substitute for a proper abstract. *See Watson* v. *State*, 313 Ark. 304, 854 S.W.2d 332 (1993). This Court will not explore the record for prejudicial error except in death or life imprisonment cases. *Id.* We decline to address the argument on this point.

Affirmed.

CORBIN, J., not participating.