Ricky Darnell WILKERSON *v.* STATE of Arkansas

CA CR 95-89                                          920 S.W.2d 15

Court of Appeals of Arkansas
En Banc
Opinion delivered March 27, 1996
[Petition for rehearing denied June 26, 1996.*]

*Robert P. Remet*, for appellant.

---

*COOPER and MAYFIELD, JJ., would grant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Ricky Darnell Wilkerson, pleaded guilty on January 18, 1993, to burglary and theft of property and was placed on probation for a period of three years. In February 1994, the prosecuting attorney filed a petition alleging that appellant had violated several conditions of his probation. After a hearing, the trial court found that appellant had violated certain terms of probation, revoked his probation, and sentenced him to five years' imprisonment in the Arkansas Department of Correction, with four years suspended on each charge. Appellant argues that the revocation petition should have been dismissed for failure to have a timely hearing. We affirm.

■ Arkansas Code Annotated § 5-4-310(b)(2) (Repl. 1993) provides that a revocation hearing shall be conducted within a reasonable period of time, not to exceed sixty (60) days after the defendant's arrest. The record indicates that appellant was arrested for violation of probation on March 2, 1994. On May 2, 1994, a hearing on the revocation petition was continued to May 27, 1994, at the State's request and without objection from appellant, to permit appellant to assemble his witnesses. At the May 27, 1994, revocation hearing, after all the testimony was presented, appellant moved to dismiss the petition on the basis of § 5-4-310(b)(2) for lack of a speedy hearing. The court found that appellant waived his objection by failing to move for dismissal prior to the hearing and revoked his probation.

■ We agree with the trial court's ruling. The State has a right to be notified prior to the hearing that a defendant will raise a speedy-hearing objection, and appellant waived his objection by failing to move for dismissal of the petition prior to the hearing. *Summers* v. *State*, 292 Ark. 237, 729 S.W.2d 147 (1987). In *Summers*, *supra*, the Arkansas Supreme Court applied to a revocation proceeding Arkansas Rule of Criminal Procedure 28.1(f), which states that a defendant's failure to move for dismissal of a charge for lack of a speedy trial prior to trial results in a waiver.

■ Appellant's counsel argues that he moved for dismissal as soon as he became aware that appellant's March 2 arrest was for the probation violation, rather than on the underlying felony charges.

However, counsel had access to this information prior to the hearing, and has not demonstrated a good reason why the motion was not filed before the hearing. *Id.* We find no error and affirm the revocation of appellant's probation.

JENNINGS, C.J., and ROBBINS and ROGERS, JJ., agree.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge. I cannot agree with the majority opinion in this case. The opinion recognizes that Ark. Code Ann. § 5-4-310(b)(2) (Repl. 1993) provides that a revocation hearing shall be conducted within a reasonable period of time, not to exceed sixty (60) days, after the defendant's arrest, but by reliance upon *Summers v. State*, 292 Ark. 237, 729 S.W.2d 147 (1987), the majority holds that the appellant failed to move for dismissal prior to trial and that this resulted in a waiver of the sixty-day hearing requirement.

The first problem I have with the majority's thesis is that our examination of the issue involved should start with the appellant's *first* appearance before the court after his arrest for violation of probation. This appearance was pursuant to an order setting a preliminary revocation hearing. The order shows it was signed by the judge on March 2, 1994, and the hearing was set for March 29, 1994.

At that hearing, as shown by the record and appellant's abstract, the appellant was brought before the judge and the following proceedings, relevant to the issue now on appeal, occurred:

> *Court*: All right, Mr. Wilkerson, one thing seems clear, you don't have any ability to hire a lawyer, do you?
>
> *Defendant*: No, sir.
>
> *Court*: The Court's going to appoint the public defender's office to represent you, sir, in your revocation hearing set for May the 2nd.
>
> *Defendant*: Now, what — That will be — A revocation is like to tell me if I'm violated.
>
> *Court*: Yes, sir.
>
> *Defendant*: Shouldn't we go to trial first? I mean, I'm not trying to be smart, but —

*Court*: That's up to the State. They may not be ready for you then. They may come back and file charges —

. . . .

*Defendant*: But I'm sitting down there. I have no bail because it makes it look like, on paper, it makes it look like I'm Al Capone. And I'm sitting down here in this jail house for what? They could hold me nine months, ten months,

*Court*: No, sir. They won't hold you that long or they're going to have to file on you.

*Defendant*: So the charges aren't filed yet?

*Court*: The new felony charges that Mr. Wray has referred to apparently are not yet filed, at least I don't know about them. The revocation petition has been filed and may well be amended before May 2nd. See, we don't have to try the new charges before we have a revocation hearing on probation.

At this point we need to look at the dates involved. It appears from an exchange between the court and appellant at the beginning of the preliminary hearing that the appellant had been in jail in Hamburg, Arkansas, since March 2, 1994. However, at the revocation hearing it was stipulated — and this is clearly abstracted in appellant's brief — that the appellant was arrested on March 1, 1994, at 9:40 p.m. The stipulation also agreed that appellant was arrested for probation violation only — pursuant to a telephone call by Debbie Hancock, probation officer.

This information is important because it shows that whether the arrest occurred on March 1 or March 2, sixty days from those dates would be either April 30, 1994, or May 1, 1994. Of course, the revocation hearing set for May 2, 1994, was set more than sixty days after appellant's arrest regardless of whether the arrest was made on March 1 or March 2. However, April 30, 1994, fell on a Saturday and May 1, 1994, fell on a Sunday. Under Rule of Criminal Procedure 1.4 when the last day of the time period to do an act provided by a statute governing criminal procedure falls on a Saturday or Sunday the period shall run until the end of the next day which is neither a Saturday or Sunday, nor a legal holiday. Therefore, the revocation hearing held on May 2, 1994, was within sixty days after appellant's arrest.

However, I do not believe that the time computation provisions of Ark. R. Crim. P. Rule 1.4 answers the question presented in this case. The simple fact is that the last day to hold the revocation was May 2, 1994, and the hearing was not held on that date. Instead, on the State's motion, the hearing was continued until May 27, 1994, and appellant's attorney did not object to the continuance. If there was a waiver of the sixty-day time limit for holding the hearing, it had to occur when the hearing was continued on May 2; therefore, the case of *Summers* v. *State, supra*, does not really apply to this case. That case held that a waiver of the time limit occurred because the State was not put on notice that the sixty-day statutory period would be invoked. The court said that this lack of notice prevented the State from having the opportunity to present evidence regarding whether there was a delay in returning Summers to Arkansas which would prevent the running of the time period. No such problem is involved in this case.

Actually, the case of *Haskins* v. *State*, 264 Ark. 454, 572 S.W.2d 411 (1978), relied upon by the State, is really more in point here. In *Haskins* there was no objection at all in the trial court to the fact that the revocation hearing was held more than sixty days after the arrest of Haskins. Here, of course, there was an objection — and motion to dismiss — but after the sixty-day period had run. The State in its brief recognizes that neither *Summers* nor *Haskins* really controls the present case, and its brief states, "These precise facts seem to constitute a case of first impression."

When we start with the appellant's *first* appearance before the court — the preliminary hearing provided by Ark. Code Ann. § 5-4-310(a) (Repl. 1993) to determine whether there is reasonable cause for further revocation proceedings — we see that the revocation hearing was set for the sixtieth day thereafter, as computed by Ark. Rule. Crim. 1.4. Thus, under the "precise facts" in this case, the crucial point, as to waiver of the time limit for holding the revocation hearing, was May 2, 1994, at which time the hearing was continued and reset for May 27, 1994, and it is a mistake to rely on *Summers* v. *State* and hold that the failure to make the motion until after the hearing started on that day constituted a waiver of the sixty-day time limit. The reasoning in *Summers* does not apply here because the sixty-day period had already expired by May 27, 1994.

Therefore, I think we must look to May 2, 1994, for our answer under the precise facts in this case. Now it is clear that a

defendant has a constitutional right to counsel at a revocation hearing. *See Furr* v. *State*, 285 Ark. 45, 685 S.W.2d 149 (1985) (holding that under *Mempa* v. *Rhay*, 389 U.S. 128 (1967), counsel is required at every stage of a criminal proceeding where substantial rights of a defendant may be affected). The record and appellant's abstract show that on May 2, 1994, the hearing began by the court announcing that "Ricky Wilkerson is in jail." The State then informs the court that the State is anticipating filing an amended petition for revocation and asked for a continuance. The court then called for "response from the defense," and appellant's appointed attorney said, "I've got no objection to that, Your Honor." The court then said, "All right, Reset May 27."

Now the second problem I have with the majority's decision in this case results from the fact that the appellant at the preliminary hearing was clearly unhappy with the fact that he was going to have to sit in jail until his revocation hearing sixty days later, and both the court and appellant's counsel, appointed and present at the preliminary hearing, knew that. However, on May 2, 1994, while the appellant was in jail and not in court, the judge granted (and appellant's counsel said he had no objection) a continuance and resetting which extended the sixty-day period in which to have the revocation hearing by a period of twenty-five days. One of two things seems clear to me: either counsel had a good reason for not objecting to the continuance, or he failed to provide effective assistance to appellant.

Both this court and our supreme court have looked to the rules providing for speedy trial of criminal charges for guidance in cases involving the application of the statutory sixty-day period for revocation hearings. *See Lark* v. *State*, 276 Ark. 441, 637 S.W.2d 529 (1982); *Cheshire* v. *State*, 16 Ark. App. 34, 696 S.W.2d 322 (1985). And in this regard, in the case of *Hall* v. *State*, 281 Ark. 282, 663 S.W.2d 926 (1984), an appeal from the trial court's refusal to grant post-conviction relief, the Arkansas Supreme Court held that the failure of appellant's counsel to move for dismissal at the time the prosecution was barred by the speedy-trial rule constituted ineffective assistance of counsel. Even though the defendant had waived his right to a speedy trial and entered a plea of guilty, our supreme court said, "counsel at the time of the plea offered no testimony of trial strategy or other reason for the failure to assert the right to a speedy trial, and the appellant did not knowingly and

intelligently waive his right to a speedy trial." And based on the same reasoning, in *Walker* v. *State*, 288 Ark. 52, 701 S.W.2d 372 (1986), the Arkansas Supreme Court granted post-conviction relief where the speedy-trial time had expired and concluded as follows:

> We thus hold the failure to make the dismissal motion was ineffective assistance of counsel, the defendant suffered prejudice from it, and we have no alternative but to reverse the conviction and dismiss the case.

*See also Clark* v. *State*, 274 Ark. 81, 621 S.W.2d 857 (1981).

It is, of course, true that this case is not a Rule 37 post-conviction case. But under the precise facts in this case, I would hold that the appellant did not waive the sixty-day period for his revocation hearing. It is clear that he was not consulted about the matter when the State asked for a continuance on May 2, 1994. Since that was the last day of the sixty-day period and the State asked for the continuance, I would hold that because the record shows nothing from which we can find that the appellant actually knew that his attorney waived the right to have the hearing within the sixty-day period, his counsel's waiver was not sufficient.

As the majority opinion states, appellant's counsel argued to the trial court, after the motion to dismiss was finally made, that under the confusing circumstances present in this case, he made the motion to dismiss as soon as he became aware that appellant's arrest was for probation revocation. I do not fault the trial court's finding that this was not a good excuse. But I do think that the trial court should have granted the motion to dismiss because on the facts in this case the appellant did not waive the right to have his revocation hearing within sixty days of his arrest.

I would reverse and dismiss the petition for revocation.

COOPER, J., joins in this dissent.