Cite as 2025 Ark. App. 541

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–24–791

|  |  |
|---|---|
| | **Opinion Delivered** November 12, 2025 |
| TERRANCE JEFFERSON<br>APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-22-178] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JERRY DON RAMEY, JUDGE |
| | AFFIRMED |

## BRANDON J. HARRISON, Judge

A jury found Terrance Jefferson guilty of several drug-related offenses and he now appeals, arguing that the circuit court erred in granting the State's motion to join his case with another defendant's case. We hold, with some reluctance, that Jefferson's argument is not preserved for our review and therefore affirm.

On 3 March 2022, Officer Joseph Roch initiated a traffic stop after seeing a white SUV fail to stop at a stop sign and make two turns without using a turn signal. The driver of the SUV, Lavonda Hawkins, stopped in the driveway of her residence at 407 East Branch Street and exited the vehicle. Jefferson came out of the residence at 407 East Branch Street and began arguing with the officer and accusing him of harassment. Officer Roch ran Hawkins's identification through dispatch and learned that she had a suspended license and was on probation with an active search waiver. Because he had information that Jefferson and Hawkins had been distributing illegal narcotics out of the residence, Officer Roch

searched Hawkins's vehicle and also called for backup to search the residence pursuant to Hawkins's search waiver on file.

As a result of that search, the State ultimately charged Jefferson with simultaneous possession of drugs and firearms; possession of a firearm by certain persons; possession of methamphetamine, cocaine, or heroin with purpose to deliver; possession of a Schedule VI controlled substance with purpose to deliver; theft by receiving (firearm); and possession of drug paraphernalia. In August 2023, the State moved to join defendants Jefferson and Hawkins, arguing that the defendants' arrests arose from the same incident and that both defendants faced the same charges.

In response, Jefferson agreed that the charges against him and Hawkins arose out of the same set of facts and circumstances and that the same witnesses are involved in each case, but he argued that their cases should not be joined due to their "conflicting and irreconcilable defenses" and the "disparity and dissimilarity of the evidence" against them. He also asserted that he ran the risk of being found guilty by association.

The circuit court addressed the State's motion at a hearing on 15 May 2024. After hearing brief arguments from counsel, the court found,

> [W]hen I look at that as a whole, the allegation is that they were living together. That the alleged substances were found in the house under joint control. And that it was a joint effort between the two—the common scheme or plan, as opposed to individually on one side of the other. So, I'm going to grant the join[d]er. I believe it's in the best interest of justice. I believe that it allows for the efficiency of the system.

Jefferson filed a motion for reconsideration and argued that any benefit to judicial economy was outweighed by the prejudice that he will suffer at a joint trial. He further argued that the Arkansas Supreme Court has held that severance should be granted where

2

the defendants' defenses are antagonistic. On the day of trial, the court addressed the motion and found that the probative value was not outweighed by any prejudicial effect. The court also noted that this was a case of "classic joinder" because both defendants were pleading a general denial and had not offered statements implicating the other.

The case went to trial, and a jury found Jefferson guilty of simultaneous possession of drugs and firearms; possession of methamphetamine, cocaine, or heroin with purpose to deliver; possession of a Schedule VI controlled substance with purpose to deliver; and possession of drug paraphernalia.[1] Following the jury's recommendation, the court ordered the sentences to run consecutively, for a total sentence of forty years and ninety days. Jefferson timely appealed.

Jefferson contends that the circuit court abused its discretion by denying his request for severance. The State first argues that Jefferson's argument is not preserved for appellate review because he failed to renew his objection to joinder during his trial. Arkansas Rule of Criminal Procedure 22.1 provides in pertinent part,

> (a) A defendant's motion for severance of offenses of defendants must be timely made before trial, except that a motion for severance may be made before or at the close of all the evidence if based upon a ground not previously known. Severance is waived if the motion is not made at the appropriate time.

> (b) If a defendant's pretrial motion for severance was overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Severance is waived by failure to renew the motion.

---

[1]Jefferson's charge of possession of firearm by certain persons was tried separately in October 2023, and he was acquitted. The theft-by-receiving charge was nolle prossed.

3

Ark. R. Crim. P. 22.1 (2024). The State explains that Jefferson responded to its motion for joinder and requested separate trials, and after the circuit court granted joinder, Jefferson moved to reconsider and again requested separate trials, which, in effect, was a pretrial motion for severance. That motion was denied the morning of trial, and Jefferson did not renew it after evidence had been presented at trial. Therefore, pursuant to Rule 22.1(b), Jefferson's argument is not preserved. In support, the State cites *Wynn v. State*, 316 Ark. 414, 871 S.W.2d 593 (1994), which explains,

> At the outset of a criminal trial, the Trial Court has before it only allegations. It is possible in some instances to determine at that juncture that a severance is required. At the close of all the evidence, however, the Trial Court knows the extent to which the evidence demonstrates the reason for joinder of the charges for trial. The Trial Court is then in a far better position to know if the charges should have been severed for trial because they were joined "solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan." Ark. R. Crim. P. 22.2(a). It is for that reason that the Rule requires renewal of the motion at the close of all the evidence. Absent renewal of the motion for severance, the objection to joining the charges for trial is waived. Ark. R. Crim. P. 22.1(b); *Lunon v. State*, 264 Ark. 188, 569 S.W.2d 663 (1978).

*Id.* at 416, 871 S.W.2d at 594.

Jefferson says he essentially made a "motion for severance" in his answer to the State's motion for joinder, argued that position at a pretrial hearing, and then renewed his position by moving the court to reconsider the joinder by written motion and arguments immediately before trial. Citing Rule 22.1(a), Jefferson points out that a motion to sever offenses "may be made" before or at the close of all the evidence based on a ground not previously known, but here, he moved for severance of defendants, not offenses, and it was not made due to new evidence.

4

Jefferson is correct that he responded to the State's motion for joinder and asked that the cases remain separate, and after the joinder was granted, he moved for reconsideration and asked for severance. This motion was argued immediately before the trial, so at first blush, it would seem unnecessary for him to renew the motion during the trial or after the close of evidence. The case cited by the State, *Wynn*, is not quite on point; in that case, the defendant moved that his charges be severed for trial on the ground that they were allegations of distinct and discrete offenses and had been joined solely because of their similarity to each other, and the circuit court denied the motion. During Wynn's trial, he specifically renewed an objection related to videotaped expert testimony being shown to the jury, and the record notes that at the close of the case, his counsel renewed her motion for acquittal and "all objections and [sic] made throughout the course of the case." *Id*. at 416, 871 S.W.2d at 594. The Arkansas Supreme Court held that this was insufficient to constitute a renewal of the motion for severance.

A more similar case is *Johnson v. State*, 71 Ark. App. 58, 25 S.W.3d 445 (2000), in which Robin Johnson was charged with permitting the abuse of a child and sought to sever her trial from that of her husband, who was charged with rape, sexual abuse, and terroristic threatening of her daughter. Johnson filed a written motion to sever before trial, and the court conducted a hearing on the matter and ultimately denied the motion to sever. She renewed her motion for severance the day of the trial, after the jury panel had been sworn but before voir dire had taken place. In holding that Johnson had waived her challenge to the denial of her severance motion, this court explained,

> Robin maintains on appeal that she renewed her motion before voir dire in order to present the issue to the trial court at the earliest opportunity,

5

thus preserving the issue for appeal. However, that did not relieve her of the burden to renew her motion before or at the close of all of the evidence under Rule 22.1(b). In *Rockett v. State*, 319 Ark. 335, 891 S.W.2d 366 (1995), our supreme court held that appellant's severance argument was not preserved for appeal where appellant filed a pretrial motion the day of trial, and renewed his motion twice the day of the trial before and after voir dire, but failed to renew the motion thereafter. Moreover, in *Wynn v. State*, 316 Ark. 414, 871 S.W.2d 593 (1994), our supreme court held that a general renewal of all objections at the close of the case does not renew a motion for severance because such a motion does not make clear the grounds for severance. However, in this case, Robin failed to even make a general renewal before or at the close of the evidence. *See generally Brown v. State*, 315 Ark. 466, 869 S.W.2d 9 (1994) (finding severance argument not preserved for appeal where appellant moved for severance in a pretrial motion but never again raised the issue); *Gray v. State*, 327 Ark. 113, 937 S.W.2d 639 (1997) (finding severance argument not preserved for appeal where appellant moved for severance in a pretrial motion but never again raised the issue). *Compare Bunn v. State*, 320 Ark. 516, 898 S.W.2d 450 (1995) (stating appellant complied with Rule 22.1(b) where he renewed his motion to sever at the close of the State's case-in-chief and at the end of his case).

*Id.* at 72–73, 25 S.W.3d at 454.

★ ★ ★

Based on the case law, we hold that Jefferson's severance argument is not preserved for appellate review. Our reluctance to accept the State's preservation point stems from what appears to be a now decades-old misreading of Rule 22.1 by the Arkansas Supreme Court and this court. A close reading of the rule shows that the courts have seemingly twisted the "mays" into "musts" and the "ors" into "ands" in subsections (a) and (b). Whether and how that interpretive tangle gets unwound is not for us to speculate today.

Affirmed.

BROWN, J., agrees.

KLAPPENBACH, C.J., concurs.

6

**N. MARK KLAPPENBACH, Chief Judge, concurring**.  I concur with the majority's decision to affirm Jefferson's convictions because his argument is not preserved for appeal.  I write separately only because I do not agree with the majority's last paragraph claiming that the rule has been misread.

*Lynmarie Liberty-Ellington*, Deputy Pub. Def., for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.