Darrell W. RODGERS *v.* UNIVERSITY OF
ARKANSAS FOR MEDICAL SCIENCES

81-188                                         628 S.W. 2d 11

Supreme Court of Arkansas
Opinion delivered February 16, 1982

*Lynn R. McClinton,* for appellant.

*J. Gayle Windsor, Jr.,* for appellee.

FRANK HOLT, Justice. A jury awarded appellee a judgment in the amount of $3,457.65 for medical bills incurred by appellant's wife while a patient at the appellee Medical Center. For reversal he contends the trial court erred in denying his motion which asserted that counsel for the appellee could not properly represent the appellee, an agency of the state, since appellee's counsel was not the attorney general, an assistant attorney general, nor special counsel appointed by the attorney general. Ark. Stat. Ann. §§ 12-1701 and 12-719 (Repl. 1979). Neither is there any statute authorizing this state agency to hire its own attorney.

In *Wade* v. *Moody, Judge,* 255 Ark. 266, 500 S.W. 2d 593 (1973), the appellant asserted that the court erred in refusing his motion to dismiss the case because it was not brought in the name of the state as required by statute. There we said:

> The motion was oral and out of time. It was made on the morning of the trial and, of course, after the case had been set for trial. See Rule 2, Uniform Rules for Circuit and Chancery Court, March 1, 1969. Furthermore, the court's refusal to consider the oral and untimely motion suggests no prejudice to appellant; in fact the motion went to a matter of form rather than substance.

To the same effect are: *Warren* v. *State,* 261 Ark. 173, 547 S.W. 2d 392 (1977); and *City of Benton* v. *Connerly,* 261 Ark. 262, 547 S.W. 2d 432 (1977). Here, on the trial date, immediately before trial, appellant made a motion to dismiss which was untimely and not in compliance with the requirements of Rule 2 of Circuit and Chancery Courts, Ark. Stat. Ann. Vol. 3A (Repl. 1979). Furthermore, the case had been pending for more than two years during which time appellant had filed various pleadings. Appellant has demonstrated no prejudice.

Another deficiency is that the ruling of the court denying the motion is not abstracted, which is a violation of Rule 9 (d) of the Supreme Court, Ark. Stat. Ann. Vol. 3A (Repl. 1979). In fact, it is not in the transcript; we have only a stipulation by the parties that the court overruled the

motion. Therefore, we have no way of knowing for what reason the court denied it. Suffice it to say that when the trial court reaches the right result, as here, we do not reverse, even though its refusal to dismiss the motion might be based on an erroneous reason. *Moose* v. *Gregory*, 267 Ark. 86, 590 S.W. 2d 62 (1979).

Affirmed.