Jeff ROSENZWEIG *v.* Floyd J. LOFTON, Circuit Judge, Pulaski County Court, First Division

88-17 751 S.W.2d 729

Supreme Court of Arkansas
Opinion delivered May 31, 1988

*Dodds, Kidd, Ryan and Moore*, by: *Richard N. Moore, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This is an appeal from an order finding the appellant, Jeff Rosenzweig, in contempt of court. The Honorable Floyd Lofton, Circuit Judge, imposed a fine of $500 from which Mr. Rosenzweig has appealed. Jurisdiction in this court attaches under Rule 29(1)(h) of the Rules of the Supreme Court and Court of Appeals. We find no basis for the trial court's action and, accordingly, we reverse.

Judge Lofton appointed Mr. Rosenzweig to represent Michael Neal on a charge of aggravated robbery. Rosenzweig filed a pretrial motion to suppress an in-court identification of the accused by a witness to the crime. A hearing on the suppression motion resulted in Mr. Rosenzweig being found to be in contempt. We think it necessary to quote at some length from the record, as it demonstrates, we believe, the absence of any disrespect or insolence which could sustain a finding of contempt. When Mr. Rosenzweig asked an investigating officer why no live line up was conducted, the following occurred:

THE COURT: You want him to conduct one?

MR. ROSENZWEIG: Yeah.

THE COURT: It's not too late. If you want him to conduct one, we will.

MR. ROSENZWEIG: That's fine.

THE COURT: Well, you know, just get off of this and we'll have you conducted one.

MR. ROSENZWEIG: That's fine with me.

THE COURT: Fine.

MR. ROSENZWEIG: Okay.

THE COURT: You know — What is it set for trial?

MR. ROSENZWEIG: Next week. We can have it any time.

THE COURT: You've waited a long time but we —

MR. ROSENZWEIG: Well, I was appointed on this case, your Honor —

THE COURT: Okay. We'll try to get it done. (T. 41).

MR. ROSENZWEIG: — you know, this summer. I have never heard of Mr. Neal before you appointed me because Mr. Laster had a conflict.

THE COURT: Well, you know, that's not a problem. I'm not concerned about that.

MR. ROSENZWEIG: If we're going to have a live line up, then I'm not going to pursue this motion.

THE COURT: Well, then we're not going to have a live line up. You can go on with this.

MR. ROSENZWEIG: Judge —

THE COURT: I'm just trying to accommodate you. I'm not buying your argument, Jeff.

MR. ROSENZWEIG: Judge, here is the situation. Let me explain to you why I don't —

THE COURT: I don't care.

MR. ROSENZWEIG: Well, I'd like to say for the record —

MR. DOUGLASS: This just goes to credibility anyway.

MR. ROSENZWEIG: I'd like to state for the record.

THE COURT: Go on. Can you do it after we get through?

MR. ROSENZWEIG: No, sir, because I think it's very important right now.

THE COURT: Well, I'm not going to pay any attention to it.

MR. ROSENZWEIG: If you will just listen to me.

THE COURT: I'm not going to pay any attention to it, Jeff. Go on.

MR. ROSENZWEIG: Will the Court please listen to me and let me explain.

THE COURT: Have I got any choice?

MR. ROSENZWEIG: Yes. No. You do but — The situation is this: If we're going to have a live line up —

THE COURT: We're not going to have any. You haven't shown any prejudice.

MR. ROSENZWEIG: Judge —

THE COURT: I offered that as an accommodation to you.

MR. ROSENZWEIG: And we'd love to have one.

THE COURT: Well, then do it.

MR. ROSENZWEIG: Well, we'll need six people and have it down at the Police Department.

THE COURT: Well, they'll do that for you, Jeff.

MR. ROSENZWEIG: Okay.

THE COURT: I'm not in the business of conducting

line ups.

MR. ROSENZWEIG: Okay. and, if we're going to have that —

THE COURT: We're not going to have that.

MR. ROSENZWEIG: I thought —

THE COURT: Because you want to stop this proceeding now.

MR. ROSENZWEIG: If you'll let me explain. (T. 43)

THE COURT: I'm trying to, Jeff.

MR. ROSENZWEIG: Okay. Thank you. Please — If the Court would please not interrupt me.

THE COURT: If I thought it would be effective, I would.

MR. ROSENZWEIG: Our position is this: If we're going to have a — The person who would be viewing that live line up, which we would like to have, is outside the courtroom at this time. What I don't want to do is have her view Mr. Neal and — Mr. Neal here all by himself and then go view a live line up. If we have a live line up, then I will cease and drop this motion.

THE COURT: I'm not going to do that, Jeff. You're not going to run the Police Department's way of doing business. Now, if you don't want to run this case the way it is, just let me know and I'll relieve you and I'll appoint Jim Clouette. Now you're just fishing and blowing smoke.

MR. ROSENZWEIG: No, sir, I'm not.

THE COURT: Do you want to be relieved?

MR. ROSENZWEIG: I'd like —

THE COURT: Do you want to proceed, be relieved or be quiet?

MR. ROSENZWEIG: I — if I understand —

THE COURT: Do you want to proceed, be relieved or

be quiet? (T. 44)

MR. ROSENZWEIG: I'd like — Judge, I'm not sure I understand what the Court's ruling is. May I ask you what the Court's ruling is?

THE COURT: What's the question?

MR. ROSENZWEIG: The question is: Are we going to have a live line up?

THE COURT: No. I'm not going to let you conduct the line up for the Police Department the way you want it done.

MR. ROSENZWEIG: No, sir. I —

THE COURT: We're not going to have one, Jeff. Now, you're getting close to being in contempt. Now, proceed or get out of it, or let me relieve you. If you don't want to go to trial with this case, fine. I'll relieve you and appoint somebody else. If you want to proceed, go on. You're not going to run the Police Department's procedure for having line ups.

MR. ROSENZWEIG: I'm not asking to run the Police Department —

THE COURT: Don't argue with me, Jeff. Proceed. Would you rather be relieved?

MR. ROSENZWEIG: No, sir.

Mr. Rosenzweig made his proffer and testimony resumed. When the witness concluded, the following occurred:

THE COURT: Call your next witness.

MR. ROSENZWEIG: Judge, if you will give me permission, please to address the Court for a minute.

THE COURT: Why?

MR. ROSENZWEIG: Judge, I'll explain it to you.

THE COURT: I'd rather you just follow procedure and call witnesses, Jeff. (T. 52)

MR. ROSENZWEIG: Judge — Judge, if you please

would let me address something to the Court. I'm not meaning any disrespect to the Court or anything of that nature with regard to it. I am baffled by what I understand your rulings to be a minute ago and I just want to make sure I understand correctly what you're saying.

I understood you to say, when I was asking him some questions, something to the effect of, "You want a line up? We'll have a line up." We are not telling the Police Department what to do. We'd love to have a live line up.

If in fact we are going to have a line up, I would drop, cease, desist, forget about this motion dealing with the photo spread and have a live line up.

THE COURT: I'm not going to bargain with you, Jeff.

MR. ROSENZWEIG: I'm not trying to bargain. I'm —

THE COURT: If you and the Prosecutor want to get together and have a line up, you may do so. But, now, we're going to proceed with this hearing today, Jeff.

MR. ROSENZWEIG: Okay.

THE COURT: And we're going to get through with your motion today.

MR. ROSENZWEIG: Okay.

THE COURT: Call your next witness.

MR. ROSENZWEIG: Okay. May I talk with the Prosecutor a second?

THE COURT: You may call your next witness. (T. 53)

MR. DOUGLASS: No. Go ahead and call your next witness.

MR. ROSENZWEIG: Judge, that's —

THE COURT: Call your witness, Jeff.

MR. ROSENZWEIG: Judge, if I may —

THE COURT: No. I'm going to hold you in contempt of court. I'm not going to tell you any more. Call your next witness.

MR. ROSENZWEIG: Let me talk to the Defendant for a second. Okay? May I?

(Thereupon, Counsel for the Defense conferred privately with the Defendant; then the following proceedings occurred:)

MR. ROSENZWEIG: We have no further testimony, your Honor.

THE COURT: You're not going to call the victim?

MR. ROSENZWEIG: No, sir. And may I state the reason why in the record?

THE COURT: You may because I've got a few things I want to say, too. So, I want you to get your say first.

MR. ROSENZWEIG: Okay. Judge, our position is — As I say, if I understand what you were offering —

THE COURT: I didn't make you an offer. I don't bargain with defense attorneys. (T. 54)

MR. ROSENZWEIG: I wasn't — Offer. Let me use some other verb then. What I understand the Court to say was that, words to the effect that, "If you want a line up, we'll have a line up." And that's fine with us. That's — That was great. We'll do it according to Police Department procedures. I wasn't trying to —

And my position with regard to not calling any further witnesses is if we were going to have a live line up, under those circumstances I did not want and do not and did not want to taint that by having Ms. Rhodes, the viewer of the line up, see Mr. Neal under these circumstances, being the only black male in this room, being clad in an orange jumpsuit, when it's obvious the circumstances under which this happened. That was my reason.

I did not intend — and I think that the record, when the Court looks at it — would so reflect that I did not — was

not trying to dictate anything to the Court. I was trying to understand the Court's ruling with regard to it.

We would love to have a live line up. That would be wonderful. It would be perfect. And Mr. Neal feels and I feel that he would be vindicated by it.

Now, with regard to the Court's attitude, apparent attitude toward me, nothing I said was intended in any disrespect to the Court. I believe my tone of voice was not disrespectful. (T. 55) I was in the process and have been in the process of trying to, number one, make an appropriate appellate record and, number two, trying — well, appropriate trial and appellate record with regard to it.

Number two, I was trying to understand the Court's ruling. And I think the record would reflect clearly that the Court offered to have a line up and then the Court said, "No, there won't be a line up." And then at another juncture the Court said, "Well, if you get with the Prosecutor, you can have a line up." And then I asked for a minute to talk with the Prosecutor.

I will make myself available at a line up if we could have one. We can have one any time before trial. It doesn't matter.

That's the situation. And, if the Court has any question about it, I would suggest that the Court have the court reporter type up the transcript of these proceedings and examine it or listen to the tape of it.

THE COURT: Have you got anything else you want to say?

MR. ROSENZWEIG: No, sir.

THE COURT: Mr. Prosecutor?

MR. DOUGLASS: I don't have anything else to say. I just need a ruling on the motion.

THE COURT: The Motion will be denied. The record should show that Mr. Rosenzweig filed this motion. He knows how to get an independent line up if he wants one. He didn't want one. He wants a continuance. (T. 56)

The record should also show that he told the Court prior to coming in here that he had mixed emotions about this because he didn't want to expose his client to the victim before trial but he felt he had to do it.

This was an exercise in futility. It was a searching, fishing expedition. It was not made in good faith. The offer to bargain with the Court was not made in good faith. It is the chicanery to which Mr. Rosenzweig is well noted throughout the Bar. It is not intellectually honest. It does not serve the system well. Does not serve his client well. And the Court does not bargain with defense lawyers, as Mr. Rosenzweig frequently tries to put the Court in a position of doing.

The motion to suppress the in court identification will be denied, failure of proof on part of the Defendant.

I don't care whether you have a line up or not, Jeff. It's not my business. You know how to do that. You're smart enough to do it. But you'd rather have the record than to have something that you can't live with.

The Court finds you in contempt of court and fines you Five Hundred Dollars.

MR. ROSENZWEIG: May I — I'd like to appeal that. I will file a Notice of Appeal. Now, your Honor, may I respond on the record —

THE COURT: No. (T. 57)

MR. ROSENZWEIG: So that we —

THE COURT: No. Because I asked you if you had anything else to say, Jeff, and you said, "No." This record is closed to you.

MR. ROSENZWEIG: Judge —

THE COURT: This record is closed. Now, I'll make it a Thousand Dollars if you want to pursue it. You've got that record to appeal from. There will be no response by you. Fine of Five Hundred Dollars. All right. Thank you.

MR. ROSENZWEIG: Judge, uh —

THE COURT: We're in recess, Jeff. I don't want to talk with you. I'm out of sorts with you right now. It would not be a good idea.

MR. ROSENZWEIG: Judge, I —

THE COURT: I don't want to talk to you, Jeff.

MR. ROSENZWEIG: I need — I need to know when I can talk with you with someone else present, if you can tell me that.

THE COURT: My term ends in 1990. See me some time right after that. (T. 58)

Evidently the trial court was annoyed because counsel stated that if he could have a line-up he would withdraw the motion then being heard. Why that would be an irritant is not apparent. It is apparent, both from the stenographic record and from a tape recording of the hearing that Mr. Rosenzweig's behavior did not approach contemptuous conduct in either his remarks or his tone. He was plainly confused by the court's comments, which we, too, find unaccountable. But we find nothing to justify the stinging rebuke administered by the trial judge. Indeed, we have carefully reviewed both record and recording and are thoroughly satisfied that counsel's demeanor to the trial court was at all times respectful. If the trial court had reasons for its strong reproach of counsel at the close of the hearing, they are not to any degree evidenced in the record.

A few days after the hearing Mr. Rosenzweig filed a motion asking Judge Lofton to recuse from the case of *State* v. *Michael Neal*. When the motion was presented, the following occurred:

THE COURT: Bob, do you have anything to say?

MR. ROBERT W. LASTER, ATTORNEY FOR A CO-DEFENDANT: No, sir.

THE COURT: Mr. prosecutor?

MR. PENCE: Nothing. (T. 61)

THE COURT: Mr. Rosenzweig, my feelings about you are well known. I make no secret about them. Is that going to be your position in everything in this — First

Division?

MR. ROSENZWEIG: Your Honor, I'm not in a position to answer that at this time because I'm still thinking about it. And I —

THE COURT: I will make you a deal. I'm not going to let you forum shop and you can accept other cases in this court.

(Abstracter's Note: Appellant's recollection, which he feels is borne out by the tape is that the judge said "can't accept." Certainly, "can't" fits the context of these proceedings and the judge's remarks.)

I basically just don't like you. I don't think there's any question about that.

If you will give me your word that you will not accept any more cases in First Division as long as I'm on the Bench, I will grant you a continuance or I will relieve you or I will recuse in this case. Otherwise, I can try this case just as fairly. And all you're entitled to is a record. If you can prove error, you can prove error. And that's what you want. You want error. You want record. If that's what you want, fine. Otherwise, I'm going to deny your motion.

But, if you will make me a promise that you won't accept any more cases in this court as long as I'm on the Bench, I'll grant your request. If you don't think you can get a fair trial, that shouldn't be very difficult for you. (T. 62)

 Mr. Rosenzweig respectfully and properly declined to make a commitment of that sort. Nor can we sanction the proposal. It was wholly inappropriate for the trial court to condition his recusal in the case on a commitment by counsel that he would refrain from practicing in First Division, Pulaski Circuit Court, so long as Judge Lofton was on the bench. It goes without saying that any member of the bar of Arkansas in good standing should have no compunction in practicing before any member of the trial or appellate bench, irrespective of personal relationships. A judge who cannot lay aside attitudes toward an individual practitioner which might affect impartiality has a duty to recuse

on his or her own motion.

 We need not cite statutory and case law dealing with the procedural or substantive rules of contempt of court. There is no dispute as to the law. Our decision turns entirely on the lack of any factual basis for a determination of contempt. Having examined the proceedings in their entirety, we believe Mr. Rosenzweig is entitled to be fully absolved of any taint of impropriety toward the trial judge, and we so hold.

REVERSED.