Willie DIXON, Jr. *v.* STATE of Arkansas

CR 93-493 863 S.W.2d 282

Supreme Court of Arkansas
Opinion delivered October 11, 1993

*Robert P. Remet*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was arrested on September 6, 1988, and was thereafter charged with four felonies. He was not tried until October 6, 1992, over four years later. At that time he moved to dismiss the charges for lack of a speedy trial. The trial court denied the motion. Appellant appeals. We affirm the judgment of conviction for failure to comply with Rule 4-2 (a)(6) of the Rules of the Supreme Court and Court of Appeals.

The abstract reflects that shortly after his arrest, appellant requested time to obtain counsel, and then failed to appear for trial. A bench warrant was issued. About two years passed before he was re-arrested and again released. He again failed to appear, but was subsequently arrested on additional charges. He requested another continuance, and still later his case was continued because of docket congestion. He then filed a motion asking for a dismissal for lack of a speedy trial. The trial court heard arguments and apparently examined the docket sheet and various orders and denied the motion to dismiss.

Appellant's abstract does not summarize the proof at that hearing, nor does it summarize the findings of fact by the trial court, nor does it summarize the written order, if any, by the trial court. We cannot know, without examining the transcript, the periods of time that the trial court found to be excluded. In sum, we have no way of knowing whether the trial court erred without examining the transcript. As we have often pointed out, there is only one transcript and there are seven judges on this court, and it is impossible for each of the seven judges to examine the one transcript. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980). We are hesitant to affirm a criminal case for failure to comply with Rule 4-2, but we must do so in this case because the abstract wholly omits the hearing and ruling on the motion that is the basis of the appeal.

Affirmed.