Anthony BEASLEY *v.*
The Honorable John M. GRAVES

CR 93-958                                869 S.W.2d 20

Supreme Court of Arkansas
Opinion delivered January 31, 1994
[Rehearing denied March 7, 1994.*]

---

*Corbin, J., not participating.

*J.G. Molleston,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Petitioner, Anthony Beasley, seeks a writ of prohibition against the Columbia Circuit Court to prevent a hearing on the revocation of his probation. Petitioner unsuccessfully challenged the state's revocation petition on speedy trial grounds and was granted a continuance to seek a writ of prohibition. We must deny the writ because the record does not contain all the information necessary for us to resolve the issues presented.

Parties seeking a writ of prohibition in this court must produce a record sufficient to show the writ is clearly warranted. *Leach* v. *State.* 303 Ark. 309, 796 S.W.2d 837 (1990); *Reynolds* v. *Rogers,* 297 Ark. 506, 763 S.W.2d 660 (1989). Here, petitioner contends the petition to revoke his probation should have been dismissed because he did not have a timely revocation hearing either within the sixty-day limitation of Ark. Code Ann. § 5-4-310(b) (Repl. 1993) or within the twelve-month limitation of A.R.Cr.P. Rule 28 or because the state had previously dismissed by nolle prosequi a similar revocation petition.

The sixty-day limitation of section 5-4-310(b) is not applicable to petitioner's case because there is nothing in the record that indicates he was arrested for violating the terms of his probation. We have stated on numerous occasions that the purpose of the sixty-day requirement is to assure that a defendant *who has been arrested for violation of probation* is not held in jail for an unreasonable time awaiting his revocation hearing. *See e.g., Boone* v. *State,* 270 Ark. 83, 603 S.W.2d 410 (1980). When there has been no such arrest, the sixty-day limitation is not absolute, *Barnes* v. *State,* 294 Ark. 369, 742 S.W.2d 925 (1988); and even if a defendant was already incarcerated on anoth-

er charge, he suffers no prejudice if more than sixty days lapses before his revocation hearing. *Lark*, 276 Ark. 441, 637 S.W.2d 529; *Phillips* v. *State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986). The record is complete on this issue; it reveals that petitioner was not arrested or held in custody for violating his probation. Therefore we cannot say the trial court erred in denying his motion to dismiss the revocation petition.

■     The record is not complete on the issue of the applicability of A.R.Cr.P. Rule 28 to this case. Although the trial court ruled that Rule 28 was not applicable to probation revocation proceedings, there is nothing in the record to indicate the evidence or arguments presented on this issue; nor is there anything in the record indicating the trial court's reasoning. We cannot review petitioner's contention regarding the twelve-month limitation of Rule 28 without this information.

■     The record is not complete on the issue of the nolle prosequi. Although there is a docket entry indicating the state's motion for a nolle prosequi on the first revocation petition was granted, there is nothing to indicate the evidence that was presented to the trial court on this issue or the trial court's reasoning for granting the motion. This is necessary information in that this court has held that the state cannot dismiss charges by nolle prosequi and then refile the same charges for the purpose of circumventing the speedy trial rules. *State* v. *Washington*, 273 Ark. 82, 617 S.W.2d 3 (1981).

■     This court will not grant a writ of prohibition based on incomplete or unclear facts. *Hodges* v. *Hodges*, 298 Ark. 550, 771 S.W.2d 741 (1989) (per curiam); *Reynolds*, 297 Ark. 506, 763 S.W.2d 660. Petitioners request for relief is therefore denied. In denying the request, we do not give validity to any actions of the trial court and assume all issues will be properly presented on direct appeal if necessary. *See Hodges*, 298 Ark. 550, 771 S.W.2d 741.

The petition for writ of prohibition is denied without prejudice to raise the speedy trial claim on direct appeal.