Robert Lee DAVIS and Heather Patrice Hogrobrooks
*v.* STATE of Arkansas

CR 94-1210                                    889 S.W.2d 769

Supreme Court of Arkansas
Opinion delivered December 19, 1994

*Heather Patrice Hogrobrooks*, for petitioners.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for respondent.

PER CURIAM. Petitioner, Robert Lee Davis, seeks a writ of prohibition directed to the St. Francis County Circuit Court to prevent his trial on two counts of delivery of a controlled substance. The St. Francis County Circuit Court denied petitioner's motion to dismiss the charges on speedy trial grounds, and he now presents his motion to this court pursuant to A.R.Cr.P. Rule 28.1(d).

Petitioner, Heather Patrice Hogrobrooks, a practicing attorney, is legal counsel to petitioner Davis with respect to his impending criminal trial and has been employed in that capacity since December 1993. On September 15, 1994, petitioner Hogrobrooks was found by the trial court to be in criminal contempt, in violation of Ark. Code Ann. § 16-10-108 (Repl. 1994), for willful disobedience in refusing to follow the trial court's order to proceed with the trial of her client, petitioner Davis, on that date, and was sentenced to serve five days in the St. Francis County jail. The state's written response to this petition indicates that, also on September 15, 1994, the trial court entered a second order amending the five-day sentence to a sentence of time served, and ordering petitioner Hogrobrooks's release. At oral argument in support of this petition, petitioner Hogrobrooks stated she has served her jail time. Petitioner Hogrobrooks's requested remedy is a writ of prohibition wherein she asks this court to set aside the criminal contempt citation as arbitrary and improper.

This court has jurisdiction of this petition pursuant to Ark. Sup. Ct. R. 1-2(a)(6). We respond to and rule on this petition separately as to each petitioner.

## PETITIONER DAVIS

As to petitioner Davis, we first observe that a criminal defendant's constitutional right to a speedy trial is protected by Article VIII of the Arkansas Rules of Criminal Procedure (Rules 27—30). This court adopted Rule 28 for the purpose of enforcing the constitutional right to a speedy trial. *Mackey* v. *State*, 279 Ark. 307, 651 S.W.2d 82 (1983). Rule 28.1(c) requires the state to bring this defendant to trial within twelve months from the time provided in Rule 28.2, excluding only such periods of time as are authorized in Rule 28.3. Petitioner's argument in support of his motion mandates the identification by this court of the excludable periods of time authorized in Rule 28.3 in this case.

We must deny the writ as to petitioner Davis because the record does not contain all the information necessary for us to resolve this speedy trial issue; in particular the trial court's docket entries included in the record, as petitioner admits, are ambiguous. Consequently, we cannot say the trial court erred in denying petitioner's motion. Our law is well-established that a petitioner seeking a writ of prohibition in this court must pro-

duce a record sufficient to show the writ is clearly warranted. *Beasley* v. *Graves*, 315 Ark. 663, 869 S.W.2d 20 (1994). Petitioner has not demonstrated that his speedy trial rights were violated; therefore, a writ of prohibition is not warranted. *Archer* v. *Benton County Circuit Court*, 316 Ark. 477, 872 S.W.2d 397 (1994).

The petition for a writ of prohibition is denied as to petitioner Davis without prejudice to him to raise his speedy trial issue on direct appeal.

## PETITIONER HOGROBROOKS

Our law is well-established that prohibition is an extraordinary writ and is never issued to prohibit a trial court from erroneously exercising its jurisdiction, only where it is *proposing to act* in excess of its jurisdiction. *See, e.g., Rhodes* v. *Capeheart*, 313 Ark. 16, 852 S.W.2d 118 (1993). In considering this petition as to petitioner Hogrobrooks, and putting aside consideration of any jurisdictional issues, we first observe the trial court is not proposing to cite petitioner for criminal contempt. That action is completed. Petitioner Hogrobrooks has been cited and, apparently, has completed the sentence imposed. Hence, a writ of prohibition is not an appropriate vehicle for petitioner Hogrobrooks's requested remedy which is that the contempt citation be reviewed and set aside.

Further, a writ of prohibition is an extraordinary remedy which issues only when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. *State* v. *Pulaski County Circuit-Chancery Court*, 316 Ark. 473, 872 S.W.2d 854 (1994). Adequate remedies for review of the issuance of a criminal contempt citation include writ of certiorari, *Rowell* v. *State*, 278 Ark. 217, 644 S.W.2d 596 (1983), *Blackard* v. *State*, 217 Ark. 661, 232 S.W.2d 977 (1950), and direct appeal, *McCullough* v. *Lessenberry*, 300 Ark. 426, 780 S.W.2d 9 (1989), *Rosenzweig* v. *Lofton*, 295 Ark. 573, 751 S.W.2d 729 (1988). Therefore, a writ of prohibition should not issue in this case.

Finally, we note this petition, as it relates to petitioner Hogrobrooks, is also captioned as an appeal of the criminal contempt order. This court has jurisdiction of appeals in cases involv-

ing the discipline of attorneys-at-law pursuant to Ark. Sup. Ct. R. 1-2(a)(8). Treating this petition, then, in the alternative, as a direct appeal by attorney Hogrobrooks from the trial court's order entered on September 15, 1994 finding her in criminal contempt, we note initially that no notice of appeal has been filed in this matter. Pursuant to A.R.Cr.P. Rule 36.9, in the event no notice is filed, this court may act upon and decide a case when a good reason for the omission is shown by affidavit. *See, e.g., Finnie* v. *State*, 265 Ark. 941, 582 S.W.2d 19 (1979) (belated appeal granted). No such affidavit has been filed. We determine the appeal, if such was the intent of petitioner Hogrobrooks, has not been properly perfected for which reason this court is without jurisdiction and dismisses the appeal with prejudice.

The petition for writ of prohibition as to petitioner Hogrobrooks is denied with prejudice, and, in the alternative, her appeal from the trial court's order entered on September 15, 1994 finding her in criminal contempt is dismissed.