Scotty Ray GARDNER *v.* Honorable Russell ROGERS

CR 96-777                                926 S.W.2d 848

Supreme Court of Arkansas
Opinion delivered July 15, 1996

*Dennis R. Molock,* for petitioner.

No response.

PER CURIAM. Scotty Ray Gardner seeks a writ of prohibition ordering the Circuit Court of Arkansas County to discharge him from custody and to refrain from conducting any proceedings con-

cerning his case. Mr. Gardner's failure to demonstrate the Circuit Court's lack of jurisdiction precludes the issuance of the writ.

On October 23, 1991, Mr. Gardner pleaded guilty to two counts of criminal attempt to commit first-degree murder. He was sentenced to thirty years' imprisonment on each charge. The sentences were ordered to run consecutively, and seven years of each sentence were suspended.

Mr. Gardner sought a writ of *habeas corpus* in the United States District Court for the Eastern District of Arkansas. On January 9, 1996, an order was entered by that Court which stated in part:

> Accordingly, it is hereby ordered that petitioner be brought before the State trial court within thirty (30) days of this order for arraignment and at that time be given an opportunity to enter his pleas to the charges against him. If he pleads not guilty to either or both of said Counts, the State will commence the trial on said charge or charges within one-hundred twenty (120) days of the entry of said not-guilty plea or pleas. * * * if the State fails . . . to commence any trial of Petitioner occasioned by his not guilty plea or pleas within one-hundred twenty (120) days after the entry of said plea or pleas, the writ of habeas corpus shall issue and said petitioner will thereupon be forthwith released from custody and discharged from the pending charges.

According to Mr. Gardner's petition he pleaded not guilty to both counts on January 22, 1996. His petition mentions that he requested a continuance but that the time should not have been charged against him as it resulted from his having been transferred to a prison facility in Texas, thus hampering his ability to prepare for trial. He does not state the duration of the continuance, nor does he indicate that he has sought relief from the Circuit Court in which he is to be tried. He claims solely that, due to the expiration of more than 120 days from the date of the guilty pleas, this Court should prohibit the Circuit Court from trying him.

A petitioner seeking a writ of prohibition in this Court must produce a record sufficient to show the writ is clearly warranted. *Davis* v. *State*, 319 Ark. 171, 889 S.W.2d 769 (1994); *Beasley* v. *Graves*, 315 Ark. 663, 869 S.W.2d 20 (1994). Our law is well established that prohibition is an extraordinary writ and is never issued to prohibit a trial court from erroneously exercising its

jurisdiction, but is issued only when it is proposing to act in excess of its jurisdiction. *Davis* v. *State, supra. See, e.g., Rhodes* v. *Capeheart*, 313 Ark. 16, 852 S.W.2d 118 (1993). A writ of prohibition is an extraordinary remedy which issues only when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. *State* v. *Pulaski County Circuit-Chancery Court*, 316 Ark. 473, 872 S.W.2d 854 (1994).

■ Mr. Gardner has not produced a record showing that the Trial Court lacks jurisdiction over him, or the crime with which he is charged.

Petition denied.