Richard Dalton RICHMOND *v.* STATE of Arkansas

CR 96-34                                    934 S.W.2d 214

Supreme Court of Arkansas
Opinion delivered November 25, 1996

*Charles E. Tilmon, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., and *Rinda Baker*, Law Student Admitted to Practice Pursuant to Rule XV(E)(1)(b) of the Rules Governing Admission to the Bar of the State of Arkansas, for appellee.

ROBERT L. BROWN, Justice. This case was certified to this court by the Court of Appeals because it involved statutory interpretation. Appellant Richard Dalton Richmond contends that a bench warrant served on him which led to the revocation of his three concurrent five-year probated sentences was stale and, therefore, void and of no effect. We affirm.

On February 15, 1989, appellant Richmond pled guilty to counts of burglary, theft of property, and hindering apprehension. In connection with these pleas, he was sentenced to a term of five years' probation and was required to pay fines, costs, and restitution. On September 27, 1990, a revocation petition was filed, alleging that Richmond had failed to report to his probation officer; failed to notify his probation officer of his change of address; and failed to pay the required fines, costs, and restitution. That same day, a bench warrant was issued for the arrest of Richmond. The warrant was not served until July 13, 1995 — approximately 17 months after the expiration of Richmond's probationary sentence. Richmond appeals the order of the Miller County Circuit Court denying rehearing on its order granting the petition for revocation and sentencing him to five years' imprisonment on each count to run concurrently.

Richmond argues only one point on appeal: whether the trial court, at a time after the expiration of his probationary sentence, could revoke the sentence and imprison him under a warrant that had been issued but not served for a period of almost five years. He

premises his argument on two Arkansas statutes — Ark. Code Ann. § 5-4-309(e) (Repl. 1993) and Ark. Code Ann. § 5-1-109(f) (Repl. 1993). Section 5-4-309(e) reads:

> The court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation, provided the defendant is arrested for violation of suspension or probation, or a warrant is issued for his arrest for violation of suspension or probation, before expiration of the period.

*Id.*

The State notes, and it is undisputed, that the warrant was issued on September 27, 1990, which was well within the five-year probated sentence that commenced on February 5, 1989. Under the plain language of § 5-4-309(e), the warrant was not stale and Richmond was properly served.

Richmond argues that § 5-1-109(f) must be read in conjunction with § 5-4-309(e). Section 5-1-109(f) reads:

> A prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information, or other charging instrument, provided that such warrant or process is sought to be executed without unreasonable delay.

*Id.* In order to prove whether the delay was reasonable or not, Richmond had to present facts and evidence. None of what was presented to the trial court is contained in his abstract. The abstract only gives the dates when the bench warrant was issued and served. Hence, we have nothing in the abstract which would assist this court in determining the reasonableness of the delay.

It is a fundamental rule that the appellant is required to provide an abstract that contains information from the record necessary to an understanding of the questions presented to the Court for decision. Ark. Sup. Ct. R. 4-2(a)(6); *D. Hawkins, Inc.* v. *Schumacher*, 322 Ark. 437, 909 S.W.2d 640 (1995); *Carmical* v. *City of Beebe*, 316 Ark. 208, 871 S.W.2d 386 (1994). The only relevant evidence provided is included within the argument portion of Richmond's brief in the form of various questions and answers taken piecemeal from the record. Scattered references to the record throughout an argument are not sufficient to meet this court's requirements under Rules 4-2(a)(6) and 4-2(b)(2). *See Wynn* v. *State*, 316 Ark. 414, 871 S.W.2d 593 (1994); *Watson* v. *State*, 313 Ark. 304, 854 S.W.2d 332

(1993). Moreover, the abstract cannot be supplemented by statements made in the argument portion of the brief. *See Wynn* v. *State, supra.*

In sum, even were § 5-1-109(f) to apply to this situation, which is an issue we do not reach today, Richmond's abstract prevents us from deciding the issue of reasonableness. Ark. Sup. Ct. R. 4-2(b)(2).

Affirmed.