Nathaniel LEWIS *v.* STATE of Arkansas

CR 97-538 955 S.W.2d 904

Supreme Court of Arkansas
Opinion delivered November 20, 1997

*Don Trimble,* for appellant.

*Winston Bryant,* Att'y Gen., by: *David R. Raupp,* Sr. Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal arises out of a judgment of conviction for first-degree battery and residential burglary. Appellant Nathaniel Lewis was sentenced to 20 years on each count to run concurrently. His one issue on appeal concerns whether the trial court erred in refusing to allow him to impeach his own witness, Gordon Brown, with a videotaped statement Brown purportedly gave to West Memphis police officers. He files his appeal in this court based on his contention that this is an

issue of significant public interest. We affirm for failure to comply with Ark. Sup. Ct. R. 4-2(b)(2).

 This court has repeatedly held that it will not consider arguments that have not been properly abstracted. *Wallace v. State,* 326 Ark. 376, 931 S.W.2d 113 (1996); *Richmond v. State,* 326 Ark. 728, 934 S.W.2d 214(1996); *Watson v. State,* 313 Ark. 304, 854 S.W.2d 332 (1993). We have stated that it is a fundamental rule that the appellant is required to provide an abstract that contains information from the record necessary to an understanding of the questions presented to the Court for decision. Ark. Sup. Ct. R. 4-2(a)(6); *Richmond v. State, supra; D. Hawkins, Inc. v. Schumacher,* 322 Ark. 437, 909 S.W.2d 640 (1995); *Carmical v. City of Beebe,* 316 Ark. 208, 871 S.W.2d 386 (1994).[1] Scattered references to the record contained in the argument portion of the brief are not sufficient to meet this court's requirements under Rules 4-2(a)(6) and 4-2(b)(2). *See Richmond v. State, supra; Wynn v. State,* 316 Ark. 414, 871 S.W.2d 593 (1994); *Watson v. State, supra.*

 Here, Lewis not only failed to abstract material parts of the record, but he failed to include in his brief any abstract of the record at all. In his brief, Lewis merely quoted part of the collo-quy between counsel, Brown, and the trial court as part of his argument. This is plainly not enough to satisfy our rule. His brief is flagrantly deficient, and under such circumstances, we affirm. Ark. Sup. Ct. R. 4-2(b).

Affirmed.

---

[1] Arkansas Supreme Court Rule 4-2(a)(6) was redesignated Arkansas Supreme Court Rule 4-2 (a)(5) by per curiam opinion dated July 15, 1996. *In Re: Supreme Court Rule 1-2, and Other Matters Related to the Jurisdiction of the Supreme Court and Court of Appeals,* 325 Ark. 525 (1996). On June 30, 1997, a new subsection 4-2(a)(2) was added to Rule 4-2, thereby again making the abstract subsection 4-2(a)(6). *In Re: Supreme Court Rule 1-2, Rule 2-4 and Rule 4-2(a), Rule 2 of the Rules of Appellate Procedure—Criminal, and Rule 3 of the Rules of Appellate Procedure—Civil,* 329 Ark. 656 (1997).