Laura SHERWOOD *v.* Hon. Don E. GLOVER, Judge

CR 97-268                                958 S.W.2d 526

Supreme Court of Arkansas
Opinion delivered January 15, 1998

[Petition for rehearing denied February 19, 1998.]

*Katharine C. Day*, for petitioner.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for respondent.

ANNABELLE CLINTON IMBER, Justice. Petitioner, Laura Sherwood, seeks a writ of prohibition to prevent the Ashley County Circuit Court from trying her on three criminal charges. Sherwood alleges that the Ashley County Circuit Court denied her motion to dismiss the charges on speedy-trial grounds, and she now presents her petition to this court pursuant to Ark. R. Crim. P. 28.1, which provides that criminal charges must be dismissed if the defendant is not tried within twelve months. We must deny the writ because the record and abstract do not contain all the information necessary for us to resolve the issues presented in Sherwood's petition.

It is well settled that the appellant, or the petitioner as in this case, bears the burden of producing a record and an abstract sufficient for our review. *Porter v. Porter*, 329 Ark. 42, 945 S.W.2d 376 (1997); *Cosgrove v. City of West Memphis*, 327 Ark. 324, 938 S.W.2d 827 (1997). In several other speedy-trial cases we have clarified that a petitioner seeking a writ of prohibition must produce a record sufficient to show that the writ is clearly warranted. *Davis v. State*, 319 Ark. 171, 889 S.W.2d 769 (1994); *Beasley v. Graves*, 315 Ark. 663, 869 S.W.2d 20 (1994). Sherwood has failed to include in the record a transcript of the hearing, the court's findings, and the order in which the court concluded that the State had not violated her right to a speedy trial. Hence, as in *Davis* and *Beasley*, we must deny the petition without addressing the merits because Sherwood has failed to produce a record that demonstrates that the writ is clearly warranted.

In addition, Sherwood's abstract is flagrantly deficient in two respects. First, pursuant to Ark. Sup. Ct. R. 4-2(a)(6), the abstract must contain a summary of all the documents necessary for us to obtain an understanding of the questions presented for review. *Lewis v. State*, 330 Ark. 618, 955 S.W.2d 904 (1997); *Richmond v. State*, 326 Ark. 728, 934 S.W.2d 214 (1996). For example, in *Dixon v. State*, 314 Ark. 378, 863 S.W.2d 282 (1993), we refused to address the merits of a speedy-trial argument because the petitioner failed to include in his abstract the evidence presented during the hearing, the trial court's findings, and the court's written order. Without this information, it was impossible for us to determine whether the trial court erred in denying the speedy-trial motion. *Id.* In this case, Sherwood has failed to abstract the evidence presented during the speedy-trial hearing, the court's findings, and the court's written order. Hence, as in *Dixon*, we are unable to conduct a meaningful review of the trial court's ruling on her motion to dismiss.

Moreover, the documents which Sherwood has included in her abstract are improperly summarized. Arkansas Supreme Court Rule 4-2(a)(6), declares that:

> the document or the necessary portions of the document must be abstracted. Mere notation such as "plaintiff's exhibit no. 4" is not sufficient.

In *King v. State*, 325 Ark. 313, 925 S.W.2d 159 (1996), we recently held that an abstract was flagrantly deficient under Ark. Sup. Ct. R. 4-2, when the appellant merely listed the names of the pleadings and orders without summarizing their contents. As in *King*, Sherwood's abstract only contains a list of pleadings and the date on which they were filed without summarizing the contents. Granted, Sherwood does refer to the contents of these documents throughout the body of her argument. We, however, have continuously held that scattered references to the record contained in the argument portion of the brief are not sufficient to meet the court's abstracting requirements under Ark. Sup. Ct. R. 4-2. *Lewis v. State*, 330 Ark. 618, 955 S.W.2d 904 (1997); *National Enters., Inc. v. Rea*, 329 Ark. 332, 947 S.W.2d 378 (1997).

For these reasons, we summarily deny Sherwood's petition for a writ of prohibition.