Howard DEAN *v*. Hon. John B. PLEGGE

CR 97-797                                    958 S.W.2d 5

Supreme Court of Arkansas
Opinion delivered January 22, 1998

[Petition for rehearing denied February 26, 1998.]

*Montgomery, Adams & Wyatt, PLC*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Petitioner Howard Dean seeks a writ of prohibition to prevent the Perry County Circuit Court from retrying him on a murder charge following a mistrial. Mr. Dean alleges that he filed a motion, pursuant to Ark. R. Crim. P. 28.1(d), to dismiss for lack of speedy trial in the Circuit Court and that the motion was denied. We must deny Mr. Dean's petition for a writ of prohibition because the record and abstract do not contain the information necessary for us to rule on the issues presented in Mr. Dean's petition.

A party seeking a writ of prohibition must produce a record that is sufficient for our review. *See* Ark. R. Sup. Ct. 6-1(a). The record must show the writ is clearly warranted. *Sherwood v. Glover*, 331 Ark 124, 958 S.W.2d 526 (1998). *See also Davis v. State*, 319 Ark. 171, 889 S.W.2d 769 (1994); *Beasley v. Graves*, 315 Ark. 663, 869 S.W.2d 20 (1994).

In his statement of the case, Mr. Dean informs us that the mistrial occurred on February 12, 1996, and that his motion to dismiss was made more than a year later. Mr. Dean has, however, failed to include in the record presented to us a transcript of the speedy-trial hearing and the Trial Court's findings; thus, we cannot know the periods of time that the Trial Court may have found to be excluded in accordance with Ark. R. Crim. P. 28.3. From the record presented, we have no way of knowing whether the Trial Court erred in denying the motion to dismiss. We cannot tell from the record that the writ is clearly warranted. *See Dixon v. State*, 314 Ark. 378, 863 S.W.2d 282 (1993).

In addition we point out that, in cases such as this one when there is no emergency or need for accelerated proceedings, briefs are required as in other cases. Ark. R. Sup. Ct. 6-1(e). An abstract is, therefore, required. The petitioner's abstract is fla-

grantly deficient as it does not include the motion to dismiss for lack of speedy trial, the hearing on the motion, and the basis of the Trial Court's ruling. According to Ark. R. Sup. Ct. 4-2(a)(6), the abstract must contain a summary of all the documents necessary for us to obtain an understanding of the questions presented for review. *Sherwood v. Glover, supra; Lewis v. State,* 330 Ark. 618, 955 S.W.2d 904 (1997); *Richmond v. State,* 326 Ark. 728, 934 S.W.2d 214 (1996).

In *Dixon v. State, supra,* we refused to consider whether the Trial Court erred in denying the appellant's motion to dismiss for lack of speedy trial when the appellant's abstract did not summarize the proof at the hearing, the findings of fact by the Trial Court, or the written order of the Trial Court. We could not know the periods of time that the Trial Court found to be excluded, and we had no way of knowing whether the Trial Court erred.

Although Mr. Dean's abstract reflects that the Trial Court denied his motion to dismiss, the abstract presented does not inform us of the basis of the motion or if there were periods of time found to be excludable from the one-year time period provided in Ark. R. Crim. P. 28.1.

As a part of his abstract, Mr. Dean included a stipulation purportedly signed by his counsel and the prosecutor that was filed with the Trial Court apparently subsequent to the speedy-trial proceedings conducted there. There is no indication that the stipulation was accepted, approved, or even seen by the Trial Court. The stipulation sets forth some facts with respect to the speedy trial issue, including dates showing the duration of certain continuances granted by the Trial Court. It then provides that two of the continuances are "the only contested continuances that are in need of review." It does not, however, address the contents of the motion to dismiss, the speedy-trial hearing, or the basis of the Trial Court's denial of the motion to dismiss. Even if the stipulation had addressed those crucial matters, we would not accept it as a substitute for a record. *See Rodgers v. U. of A. Med. Sciences,* 275 Ark. 139, 628 S.W.2d 11 (1982).

Petition denied.