David Ray EVANS *v.* STATE of Arkansas

CR 97-445                                    959 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered January 29, 1998

*James R. Marschewski,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Mac Golden,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant David Ray Evans appeals the judgment of the Sebastian County Circuit Court convicting him of the attempted rape of his stepdaughter and sentencing him to forty-seven years in the Arkansas Department of Correction. He was also convicted of sexual abuse in the first degree and sentenced to an additional twenty years. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). In one point on appeal, Appellant asserts that the trial court erred in failing to suppress the statement given by him due to a violation of Rule 2.3 of the Arkansas Rules of Criminal Procedure. We affirm.

After receiving information from a Department of Human Services Sexual Abuse Hotline, a Fort Smith investigator and a social worker visited Appellant's home on the evening of February

22, 1996. Initially, the investigator and social worker went to the home to interview the entire family. Due to the difficulties in conducting an interview at the home, the investigator elected to move the interviews to the police department. After midnight on February 23, 1996, Appellant made a statement to police wherein he admitted to having sexual contact with his stepdaughter.

Appellant was charged with rape and sexual abuse in the first degree. A suppression hearing was held on August 12, 1996, wherein the trial court allowed the statement into evidence. The jury trial was held on August 16, 1996, and Appellant was found guilty of attempted rape and sexual abuse in the first degree. Appellant contends on appeal that his confession should have been suppressed due to the failure of the investigator to comply with Rule 2.3.

Rule 2.3 provides:

> If a law enforcement officer acting pursuant to this rule requests any person to come to or remain at a police station, prosecuting attorney's office or other similar place, he shall take such steps as are reasonable to make clear that there is no legal obligation to comply with such a request.

Appellant argues that the trial court erred in denying his motion to suppress his statement. We do not address the merits of this argument, as Appellant has failed to abstract the motion properly and failed to demonstrate that he obtained a ruling from the trial court on his motion to suppress.

■ ■ This court has repeatedly maintained that it will not consider arguments that have not been properly abstracted. *See, e.g., Lewis v. State,* 330 Ark. 618, 955 S.W.2d 904 (1997); *Richmond v. State,* 326 Ark. 728, 934 S.W.2d 214 (1996); *Wallace v. State,* 326 Ark. 376, 931 S.W.2d 113 (1996). We have stated that it is a fundamental rule that the appellant is required to provide an abstract that contains information from the record necessary to an understanding of the questions presented to the court for decision. Ark. Sup. Ct. R. 4-2(a)(6); *Richmond,* 326 Ark. 728, 934 S.W.2d 214. Appellant's brief is deficient, as the motion to suppress as abstracted does not provide the basis for the suppression. In addition, Appellant's failure to abstract the trial court's ruling provides

no basis to this court for a decision, and thus, precludes us from considering the issue. *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997). Under these circumstances, we affirm. Ark. Sup. Ct. R. 4-2(b)(2).