Larry LeCLERE *v.* STATE of Arkansas

CA CR 99-294                                          16 S.W.3d 276

Court of Appeals of Arkansas
En Banc
Opinion delivered May 10, 2000

*John Wesley Hall, Jr.,* for appellant.

*Mark Pryor,* Att'y Gen., by: *C. Joseph Cordi, Jr.,* Ass't Att'y Gen., for appellee.

PER CURIAM. In January, a three-judge panel of this court decided that appellant's convictions should be reversed and the case dismissed on grounds that the trial court erred in denying appellant's motion to dismiss for lack of a speedy trial. *See LeClere v. State,* CA CR99-294 (January 26, 2000). The State filed a motion to supplement the record and a petition for rehearing, alleging that our decision was based on a material mistake of fact. We agreed with the State, granted the petition for rehearing, and issued a substituted opinion by which we affirmed appellant's convictions. *See LeClere v. State,* CA CR99-294, substituted opinion on grant of rehearing (May 10, 2000).

In its original brief on appeal, the State contended that we could not reach appellant's speedy-trial argument because appellant had failed to bring up or to abstract the transcript of an August 11, 1998, hearing held by the trial court on appellant's motion to dismiss. *See Dixon v. State*, 314 Ark. 378, 863 S.W.2d 282 (1993). The State referred us to the docket sheet showing that, on August 3, the speedy-trial time was tolled and a hearing was set for August 11 on appellant's motion to dismiss. However, the August 11 docket entry made no mention of any hearing being held. It simply showed that appellant's speedy-trial motion was denied on that date. In his reply brief, appellant's trial and appellate counsel, Mr. John Wesley Hall, Jr., essentially argued that no hearing had been held on the motion to dismiss and that there was therefore no record to bring up or to abstract. He argued that his notice of appeal and designation of record "state[d] that *every* court appearance was required" (emphasis in original) and "*[i]f there was such a hearing*, the court reporter failed in her duty." (Emphasis added.) Counsel affirmatively stated that "*no evidence* was presented by either party for the judge to rely on in *a* hearing on the motion" and "[s]ince *no evidence* was presented at *any* hearing, what more is there to abstract?" (Emphasis added.) He also affirmatively asserted that "[t]he motion was *summarily denied on the docket*" and was "*simply denied on the face of the motion and the State's response.*" (Emphasis added.)

In light of what we had before us, we decided to reach the merits of the issue in the following language:

> On appeal, the State makes no argument on the merits of appellant's speedy-trial contention. Instead, it argues only that appellant's argument cannot be considered because he did not abstract an August 11, 1998, hearing on appellant's motion to dismiss. To support its position that such a hearing was actually held, the State points only to an August 3, 1998, docket entry that indicates that a hearing was contemplated for August 11. However, the August 11 docket entry makes no mention of a hearing. It merely states, "Speedy-trial motion denied; defendant taken into custody, no bond." Appellant alleges that the court simply denied the motion on the face of the pleadings, with no evidence being taken. Moreover, appellant's notice of appeal designated as the record on appeal "every court appearance from his first appearance to the trial," yet no hearing on appellant's motion appears in the record. Further, after the transcript was filed in this court, a writ of

certiorari was issued to the trial court's court reporter. In response to the order that any diminution of the record be corrected, the trial court entered an order in which it stated, "This court finds that the transcript in the above-captioned case reflects a true and accurate record of the proceedings in this case."[1] Under these circumstances, we cannot conclude that a hearing was held, and we will address the merits of appellant's argument. [*LeClere v. State*, CA CR 99-294, slip op. at 2-3 (January 26, 2000).]

As is plain from the above, we addressed the merits only because we could not determine that a hearing had been held on appellant's motion. However, after that opinion was handed down, the State secured a transcript of an August 11, 1998, hearing held on appellant's motion to dismiss, and we allowed the record to be supplemented with this hearing. This transcript shows that attorneys for both parties were present (including Mr. Hall), that the subject of the hearing was appellant's motion to dismiss on speedy-trial grounds, that three witnesses testified, that several exhibits were introduced, that argument taking up several pages of transcript was entertained, and that the trial court stated findings and conclusions in denying the motion. Had we known that a hearing had been held but not brought forward or abstracted, we would have written the initial opinion to reject appellant's speedy-trial argument in accordance with *Dixon v. State, supra.* There, the supreme court stated:

[Appellant] then filed a motion asking for a dismissal for lack of a speedy trial. The trial court heard arguments and apparently examined the docket sheet and various orders and denied the motion to dismiss.

Appellant's abstract does not summarize the proof at that hearing, nor does it summarize the findings of fact by the trial court, nor does it summarize the written order, if any, by the trial

---

[1] Appellant's attorney did not point to this writ of certiorari and subsequent order by the trial court as support for the proposition that no hearing had been held. Rather, these items were found by this court when searching the record for something to support the State's assertion that a hearing *had* been held. *See Haynes v. State*, 314 Ark. 354, 862 S.W.2d 275 (1993) (we have the authority to go to the record to affirm a trial court's decision). What was not in the record, but which has subsequently been found in our clerk's office, is the motion that caused us to grant the writ. That motion was concerned with the correctness of the record as to a separate and unrelated point of the case, and it is that motion that the trial court was responding to when it entered the broadly worded order referred to.

court. We cannot know, without examining the transcript, the periods of time that the trial court found to be excluded. In sum, we have no way of knowing whether the trial court erred without examining the transcript. As we have often pointed out, there is only one transcript and there are seven judges on this court, and it is impossible for each of the seven judges to examine the one transcript. *Kitchen v. State*, 271 Ark. 1, 607 S.W.2d 345 (1980). We are hesitant to affirm a criminal case for failure to comply with Rule 4-2, but we must do so in this case because the abstract wholly omits the hearing and ruling on the motion that is the basis of the appeal.

*Dixon v. State*, 314 Ark. at 378-79.

■ It was appellant's burden to bring up a record sufficient to demonstrate error, yet, while he designated every court appearance as the record on appeal, he not only failed to abstract the crucial hearing, he failed even to bring up a record of the hearing. When faced with the State's argument that a hearing had been held but not brought forward, counsel did not avail himself of Ark. Sup. Ct. R. 3-5 or Ark. R. App. P.—Civ. 6 (the latter of which is made applicable to criminal cases by Ark. R. App. P.—Crim. 4(a)), which provide methods to have record errors or omissions corrected. Nor did he admit the default or merely stand mute. Instead, he filed a reply brief containing the arguments referred to above, misleading us into thinking that no hearing had been held.

■ Pursuant to Canon 3(D)(2) of the Arkansas Code of Judicial Conduct, we hereby refer Mr. John Wesley Hall, Jr., to the Committee on Professional Conduct for such proceedings as the Committee may deem appropriate regarding whether Mr. Hall violated his duties, including his duty of candor toward this court. *See* Model Rules of Professional Conduct 3.3. The following matters are of particular concern to the court, but of course the Committee is not limited in what it may wish to consider:

I. Counsel made misleading statements of fact in his reply brief.

A. He argued, in essence, that there must not have been any hearing because he designated the entire record but no such hearing appeared in the transcript. In fact, the supplemental record shows that a hearing was held at which counsel was present and participated. Moreover, counsel effectively concedes in his response to the petition for rehearing (*see, e.g.,*

paragraph 10) that he knew at the time that he filed his reply brief that a hearing had been held. Further, he states in his affidavit that he "remembered nothing extraordinary about the hearing" and that he "felt the record [originally presented to this court] was adequate to resolve the issue on appeal."

B. He stated that no evidence was presented to the trial court on the speedy-trial motion when the supplemental record shows that several exhibits were introduced and three witnesses testified.

C. He stated that the trial court summarily denied the motion on the docket and on the face of the pleadings when the supplemental record shows that a formal hearing was held at which evidence was presented, arguments were heard, and the trial court explained its reasoning.

II. Counsel made questionable statements in his response to the petition for rehearing. While counsel no longer appeared to be trying to convince us that no hearing had been held, he did assert that "[i]t was unknown to [him] whether the . . . pretrial hearings were taken down by the court reporter." However, the supplemental transcript shows that, at the close of the hearing, appellant's counsel questioned the court about the details of its ruling. Counsel stated at that time, "So, we're making a record for appellate review," to which the court responded, "Right."

III. Certified Court Reporter Linda Dyer has submitted to this court an affidavit in which she swears that appellant's counsel, despite having designated every court appearance in his notice of appeal and despite counsel's argument referred to in I. A. above, specifically instructed her not to transcribe the August 11, 1998, speedy-trial hearing. Counsel has filed an affidavit denying the reporter's averments.

We wish to make it clear that we make no judgment as to the truth of the affidavits referred to under III. or as to the question of whether the statements referred to under I. and II. were misleading by design or for some other reason. Copies of this opinion, the substituted opinion on grant of rehearing issued this date, our January 26 opinion, the briefs, the State's petition for rehearing and attachments, and appellant's response and attachments will be forwarded to the Committee. The Committee may check out the record from the clerk's office if it sees fit.

ROAF, J., concurs.

HART, J., dissents.